EDWARD MARSHALL, Respondent, *v.* GEORGE R. SHERMAN, Appellant.

1. STOCKHOLDERS' LIABILITY — CONSTITUTION AND STATUTES OF KANSAS. The provision of the Constitution of the state of Kansas, that "Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by such stockholders; and such other means as shall be provided by law," is not self-executing, and of itself creates no liability, but contemplates legislation to make it effectual; and when statutes to that end have been enacted, and an action is brought to enforce the individual liability of a stockholder by a complaint

which sets forth both the Constitution and the statutes, the action is to be deemed one to enforce the statutes and not the Constitution.

2. FOREIGN CORPORATION — STOCKHOLDERS' LIABILITY. The general rule is that the statutory liability of stockholders in foreign corporations for debts of the corporation cannot be enforced except at the domicile of the corporation when the law of the domicile provides the remedy.

3. FOREIGN CORPORATION — STOCKHOLDERS' LIABILITY. The liability of a stockholder in a corporation of another state for the debts of the corporation, in case of its insolvency, created by the statutes of such state, while not penal in its nature, is not a liability arising upon contract in the general sense; and, *it seems,* that an action to enforce such liability in this state is not maintainable upon the theory that the liability is contractual and primary.

4. LIABILITY UNDER FOREIGN STATUTE — LOCAL ENFORCEMENT. The doctrine, that when the statutes of a state, which create a liability on the part of stockholders for the debts of insolvent corporations, upon certain conditions and under certain circumstances, also provide a special and peculiar remedy, such remedy must be followed and the proceedings for its enforcement must be within the local jurisdiction and by the judicial department of the sovereignty which enacted the law and created the corporation, may be invoked, whether the liability is penal in its nature or arises from the implied obligation assumed by the purchase of stock.

5. STOCKHOLDERS' LIABILITY UNDER KANSAS STATUTES. If a right of action, unknown to the common law and existing only by force of the statutes of another state — such as the right of action created by the statutes of the state of Kansas, which provide, among other things, that the plaintiff in an unsatisfied execution against a corporation of that state may proceed by action to charge the stockholders with the amount of his judgment — can be enforced anywhere except in the local jurisdiction, where the corporation is domiciled and in which the statutory enactments exist, an action to enforce such liability, if maintainable under any circumstances in the state of New York, must be in such form and by such modes of procedure as stockholders' liabilities created under our own statutes are enforced against our own citizens.

6. STOCKHOLDERS' LIABILITY UNDER KANSAS STATUTES. The stockholders' liability created by the Kansas statutes cannot, in any event, be enforced by an action at law by a single creditor against a single stockholder for the recovery of a specific sum of money, in the State of New York, in which state a stockholder's statutory liability can be enforced only by a suit in equity, brought by or in behalf of all the creditors against all the stockholders, wherein the amount of the liability and all the equities can be ascertained and adjusted.

7. DOMICILE OF CORPORATION — EXCLUSIVE JURISDICTION. It is the manifest intention of the Kansas statutes creating a personal liability on the part of stockholders of insolvent corporations of that state, that such liability should be enforced by a proceeding in equity for an accounting,

to which all the stockholders are parties, in the courts of that state, where alone complete justice to all interested can be done.

8. COMITY AMONG STATES. A right of action to enforce a personal liability of a stockholder for the debts of a corporation, given and created only by the statutes of the state of the corporation's domicile, is not enforceable in another state upon any obligation of comity.

9. ENFORCEMENT OF FOREIGN STATUTE — INJUSTICE TO CITIZENS. When the courts of this state are asked to administer statutes of another state, such as those of the state of Kansas creating a personal liability on the part of stockholders for the debts of insolvent corporations, and can see that the case is surrounded by such complications and the circumstances are such that it cannot be done without injustice to our own citizens, or that it will be impossible to do full and complete justice to all the parties in interest, it is reasonable and just to decline to administer them at all.

*Marshall* v. *Sherman* (84 Hun, 186) reversed.

(Argued December 9, 1895; decided December 19, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made February 12, 1895, which affirmed an interlocutory judgment in favor of plaintiff entered upon an order overruling a demurrer to the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Chester B. McLaughlin* for appellant. The defendant is liable, if at all, solely by reason of the provisions of the Constitution and statutes of the state of Kansas set forth in the complaint. (*S. L. C. N. Bank* v. *Hendrickson*, 40 N. J. L. 52; *Seymour* v. *Sturgess*, 26 N. Y. 134; 98 N. Y. 377; *Fagan* v. *Strong*, 17 C. P. Rep. 438; *Throop* v. *Hatch*, 3 Abb. Pr. 23; *Chase* v. *Lord*, 77 N. Y. 1; *Barnes* v. *Wheaton*, 80 Hun, 16.) The provision of the Constitution of the state of Kansas set out in the complaint does not create any liability against the defendant. (*Morley* v. *Thayer*, 3 Fed. Rep. 737; *Nimick* v. *M. I. W. Co.*, 25 W. Va. 184; *Groves* v. *Slaughter*, 15 Pet. [U. S.] 449; *French* v. *Teschemaker*, 24 Cal. 518; *Fusz* v. *Spaunhorst*, 67 Mo. 256; *May* v. *Black*, 77 Wis. 101; *Barnes* v. *Wheaton*, 80 Hun, 8; *Holmes* v. *Broughton*, 10

Wend. 77; *Walker* v. *Maxwell*, 4 Mass. 104; *Collett* v. *Keith*, 2 East, 260.) This action cannot be maintained in the courts of this state because the remedy afforded by the statutes pleaded is purely statutory and can be availed of only within the state of Kansas. (Cook on Stockholders [3d ed.], chap. 12; *Barnes* v. *Wheaton*, 80 Hun, 8; *Fowler* v. *Lamson*, 147 Ill. 472; *Bank of N. A.* v. *Rindge*, 154 Mass. 203; *Lowry* v. *Inman*, 46 N. Y. 119; *Christensen* v. *Eno*, 106 N. Y. 103; *F. N. Bank* v. *Francklyn*, 120 U. S. 747; *May* v. *Black*, 77 Wis. 101; *Morley* v. *Thayer*, 3 Fed. Rep. 737; *Nimick* v. *M. I. W. Co.*, 25 W. Va. 184; *Patterson* v. *Lynde*, 112 Ill. 196; *Pollard* v. *Bailey*, 87 U. S. 526; *Erickson* v. *Nesmith*, 4 Allen, 233; Thompson on Stockholders, § 56; Cook on Stock & Stockholders, §§ 219, 520; *Young* v. *Farwell*, 139 Ill. 326; *Hanson* v. *Donkersley*, 37 Mich. 184; *Peck* v. *Miller*, 39 Mich. 594; *Thompson* v. *R. S. Bank*, 19 Nev. 103; *Lynch* v. *M. N. Bank*, 22 W. Va. 555; *Mann* v. *Pentz*, 3 N. Y. 415; *Griffith* v. *Mangam*, 73 N. Y. 611.) The action cannot be maintained because there is no allegation in the complaint that judgment has been obtained and execution issued against the Miltonvale State Bank in this state, or that the receiver has not sufficient property to pay the claim in full. (*Walser* v. *Selingham*, 13 Fed. Rep. 415; *N. T. W. Co.* v. *Bellou*, 146 U. S. 517; *G. R. Mill* v. *Bellou*, 42 Fed. Rep. 749; *R. M. N. Bank* v. *Bliss*, 89 N. Y. 342; Cook on Stock. § 223; *McElmoyle* v. *Cohen*, 13 Pet. 312.) An action at law cannot be maintained by a judgment creditor of an insolvent corporation organized under the statutes of Kansas against a single stockholder to recover the personal liability therein provided. (*Terry* v. *Little*, 101 U. S. 216; *Pollard* v. *Bailey*, 20 Wall. 520; *Hornor* v. *Henning*, 93 U. S. 228; *Patterson* v. *Lynde*, 106 U. S. 520; *Stone* v. *Chisolm*, 113 U. S. 302; *Griffith* v. *Mangam*, 73 N. Y. 611; *Mann* v. *Pentz*, 3 N. Y. 416; *Morgan* v. *N. Y. & A. R. R. Co.*, 10 Paige, 290; *Bank of N. A.* v. *Rindge*, 154 Mass. 203; *Post* v. *T., etc., R. R. Co.*, 144 Mass. 341; *N. H. H. N. Co.* v. *L. S. Co.*, 142

Mass. 349; *Nimick* v. *M. I. W. Co.*, 25 W. Va. 184; *Colburn* v. *White*, 14 Wis. 700; *Smith* v. *Huckabee*, 53 Ala. 191; *Friend* v. *Powers*, 93 Ala. 114; *Banick* v. *Gifford*, 47 Ohio St. 181; *Allen* v. *Walsh*, 25 Minn. 543; *N. Bank* v. *St. Anthony*, 63 N. W. Rep. 1068; Cook on Stock. § 222; Thompson on Corp. §§ 3431, 3432.) The claim of the respondent, that section 44 of the Kansas statutes authorizes plaintiff to maintain this action, has no foundation. (*Rodermund* v. *Clark*, 46 N. Y. 354; *Boots* v. *Ferguson*, 46 Hun, 129.)

*Frank N. Hagar* for respondent. This action, being a legal action, must be brought against a single stockholder, and the courts of Kansas have so held. (*D. G. Co.* v. *Abbey*, 44 Kans. 415; *V. Bank* v. *S. Society*, 28 Kans. 425; *Howell* v. *Manglesdorf*, 33 Kans. 194; *Weeks* v. *Love*, 50 N. Y. 568; *Wheeler* v. *Miller*, 90 N. Y. 353; *Mathes* v. *Neidig*, 72 N. Y. 100; *Farnsworth* v. *Wood*, 91 N. Y. 308; *Mason* v. *N. Y. S. M. Co.*, 27 Hun, 307; *Billings* v. *Trask*, 30 Hun, 314; *Gibbs* v. *Davis*, 8 South. Rep. 363; *Aldrich* v. *A. C. Co.*, 32 Pac. Rep. 756; *Perry* v. *Turner*, 55 Mo. 418; Cook on Stock. [3d ed.] § 221.) There is no improper joinder of parties. (Code Civ. Pro. §§ 484, 485; *Brass* v. *Comstock*, 38 N. Y. 21; *Nichols* v. *Drew*, 94 N. Y. 26.) Judgment against the Miltonvale State Bank in this state is not necessary. (1 Cook on Stock. § 219; *Shellington* v. *Howland*, 53 N. Y. 371; *Hardman* v. *Sage*, 124 N. Y. 25; *Hirshfeld* v. *Bopp*, 145 N. Y. 84; 2 Morawetz on Corp. § 883; *R. M. N. Co.* v. *Bliss*, 89 N. Y. 342; 23 Am. & Eng. Ency. of Law, 888; *N. P. Bank* v. *Remsen*, 23 J. & S. 144.) The statutes, as to the stockholder's liability, set forth in the complaint upon which this action is based, have as to the defendant's liability in similar suits been uniformly sustained by the Supreme and highest court of the state of Kansas. (*V. Bank* v. *S. Society*, 28 Kans. 423; *Howell* v. *Manglesdorf*, 33 Kans. 194; *D. G. Co.* v. *Abbey*, 44 Kans. 415; *S. Assn.* v. *O'Brien*, 51 Hun, 45; *M. Bank* v. *Boardman*, 47 Hun, 136; *Jessup* v. *Carnegie*, 89 N. Y. 441.) The theory of defendant's attorneys that a

constitutional provision is not enforceable as ordinary law,
but may simply empower or restrict the action of the legisla-
ture, and that this particular provision of the Constitution of
Kansas should be reiterated by statutes in order to be effective,
is untenable. (Endlich on Interp. Stat. 711; Const. N. Y.
art. 2; *Willis* v. *S. P. S. Co.*, 48 Minn. 140; 16 Minn. 373;
25 Minn. 543; 40 Minn. 213; 40 N. W. Rep. 1620; *Mohr*
v. *E. Co.*, 40 Minn. 343; 41 N. W. Rep. 1074; *Arthur* v.
*Willius*, 44 Minn. 409; 46 N. W. Rep. 851; 48 N. W. Rep.
528; *State* v. *Weston*, 4 Neb. 216; *Thomas* v. *Owens*, 4 Md.
189; *Reynolds* v. *Taylor*, 43 Ala. 420; *Miller* v. *Marx*, 55
Ala. 332; *People* v. *Hoge*, 55 Cal. 612; *Gibbs* v. *Davis*, 25
South. Rep. 633; 57 Fed. Rep. 281.) This being an action
in law and not in equity, rulings exclusive to cases in equity
do not apply. (23 Am. & Eng. Ency. of Law, 892.) The
Kansas statutes are enforceable in this state so as to maintain
the present action. (*Seymour* v. *Sturges*, 26 N. Y. 134;
*Ex parte Van Riper*, 20 Wend. 614; *Drinkwater* v. *R. Co.*,
18 Maine, 35; *Flash* v. *Conn*, 109 U. S. 371; *Windham* v.
*Sprague*, 43 Vt. 502; *Pollard* v. *Bailey*, 20 Wall. 520; *Grose*
v. *Hilt*, 36 Maine, 22; *Jessup* v. *Carnegie*, 80 N. Y. 441; Cook
on Stockholders, §§ 220, 223, 353; 2 Morawetz on Corp. § 876;
*Hodgson* v. *Cheever*, 8 Mo. App. 318; *Bagley* v. *Tyler*, 43 Mo.
App. 195; *S. Association* v. *O'Brien*, 51 Hun, 45; *Corning*
v. *McCullough*, 1 N. Y. 47; *Hawthorne* v. *Calef*, 2 Wall. 210.)
The statutes of Kansas do not provide a special and exclusive
remedy. (*Howell* v. *Manglesdorf*, 33 Kans. 199; *Flash* v.
*Conn*, 111 U. S. 371; 3 Am. & Eng. Corp. Cas. 28; *Seymour*
v. *Sturges*, 26 N. Y. 134; *Dennick* v. *R. R. Co.*, 103 U. S. 11;
*Nimick* v. *M. I. W. Co.*, 25 W. Va. 184; *Ex parte Van
Riper*, 20 Wend. 614; *Corning* v. *McCullough*, 1 N. Y. 47;
*Patterson* v. *W. M. Co.*, 40 Penn. St. 117; *Abbey* v. *G. D. G.
Co.*, 44 Kans. 419; *Wright* v. *McCormack*, 17 Ohio St. 96;
*Brown* v. *Hitchcock*, 33 Ohio St. 667; *Harpold* v. *Stobart*, 46
Ohio St. 367; *M. Bank* v. *Magill*, 5 Conn. 28; *Hanson* v.
*Donkersley*, 37 Mich. 187; *Aspinwall* v. *Sacchi*, 57 N. Y.
331; Brandt on Suretyship, § 252; *Armitage* v. *Bulwer*, 37

N. Y. 501; Cook on Stockholders, § 229; Beach on Priv. ·
Corp. § 141; Morawetz on Corp. § 314; Pom. Eq. Juris.
§ 418; *Judson* v. *R. G. Co.*, 9 Paige, 603; *Bank* v. *Franck-
lyn*, 120 U. S. 147; *Thompson* v. *Bank*, 7 Pac. Rep. 68;
*Marsh* v. *Burroughs*, 1 Woods, 468; *Bartlett* v. *Drew*,
57 N. Y. 587; Cook on Stock. § 218; *Knowlton* v. *Ackley*,
8 Cush. 97; Thomp. on Stock, § 83; *McDonough* v. *Phelps*,
15 How. Pr. 372.)

O'BRIEN, J.    This action was brought by a creditor of the
Miltonvale State Bank, a corporation organized under the laws
of Kansas for banking purposes, against the defendant, a
stockholder, residing in this state.

The questions in the case arise upon the defendant's demur-
rer as to the sufficiency of the complaint and the necessary
parties to the action.    The complaint avers that the bank was
incorporated under the laws of Kansas on or about the 8th of
July, 1886 ; that it continued to transact a banking business in
that state until the 12th of July, 1891, when proceedings were
instituted against it in the District Court of the county of
that state where it was located, which resulted in the appoint-
ment of a receiver to wind up its affairs, and that it has not
since that date transacted any business, and before the com-
mencement of this action was dissolved, leaving debts unpaid ;
that since the 7th day of October, 1889, the defendant has
been the owner of thirty shares of the capital stock of the
bank, the par value of which is stated to be $3,000 ; that at
the time of the appointment of the receiver the bank was
indebted to the plaintiff, as a depositor, in the sum of $191.84.
It is then stated that the plaintiff is the owner, by assign-
ment or transfer, of the claims of fifteen other depositors
to whom the bank was indebted at the time of the appointment
of the receiver, in various small sums, upon which, together
with the claim held by the plaintiff in his own right, judgment
was recovered in the courts of Kansas for the sum of $1,804
damages and $19.15 costs, on the 5th of September, 1891 ;
that the plaintiff caused execution to be issued upon this judg-

ment against the property of the bank, which was returned unsatisfied ; that the corporation is insolvent and that $880.41 has since been paid to the plaintiff on this judgment by the receiver. Judgment against the defendant as a stockholder is demanded for the balance unpaid, with interest from the date of the rendition of the judgment. The complaint sets forth certain provisions of the Constitution of the state of Kansas, and the statutes of that state which, it is claimed, impose a legal liability upon the defendant in the courts of this state for the payment of the money still due upon the judgment. The provision of the Constitution of that state which is the foundation of the alleged liability, reads as follows : " Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by such stockholders, and such other means as shall be provided by law ; but such individual liability shall not apply to railroad corporations nor corporations for religious and charitable purposes." The statutes for the enforcement of this liabilty enacted by that state, and set forth in the complaint, are embraced in two sections of the laws with respect to the liability of stockholders in corporations. They are as follows : (Sec. 44) " If any corporation created under this, or any general statute of this state, except railway or charitable or religious corporations, be dissolved, leaving debts unpaid, suit may be brought against any person or persons who were stockholders at the time of such dissolution, without joining the corporation in such suit; and if judgment be rendered and execution satisfied, the defendant or defendants may sue all who were stockholders at the time of the dissolution, for the recovery of the portion of such debt for which they were liable, and the execution upon the judgment shall direct the collection to be made from property of each stockholder repectively ; and if any number of stockholders (defendants in the case) shall not have property enough to satisfy his or their portion of the execution, then the amount of the deficiency shall be divided equally among all the remaining stockholders, and collections made accord-

ingly, deducting from the amount a sum in proportion to the amount of stock owned by the plaintiff at the time the company was dissolved."

The other enactment is section 32 and is set forth in the complaint as follows : " Execution against stockholders' action.— That if any execution shall have been issued against the property or effects of a corporation, except a railway, or a religious or charitable corporation, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders, to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon ; but no execution shall issue against any stockholder, except upon an order brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged, and upon such motion such court may order execution to issue accordingly, or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment."

The defendant demurred to the complaint upon the grounds, among others, that it appears upon its face that there is a defect of parties defendant, in that all the stockholders of the bank were not made defendants, and, second, that the complaint does not state facts sufficient to constitute a cause of action.

The complaint contains no allegation as to the meaning or effect of these statutes, or of the provision of the Constitution quoted under the adjudications of the courts of Kansas, nor any allegation that any judgment has been obtained against the defendant in the courts of that state upon his liability as a stockholder, under these provisions of the local law. We are, therefore, obliged to construe them ourselves, with the aid of such rules and upon such principles as the courts of this state apply in the construction of such enactments here.

A right of action against the stockholders of a corporation does not exist at common law, and ordinarily exists only by virtue of some statutory enactment. In this case the right of

3

action is founded upon the Constitution and statutes of another state. We think it quite clear that the provision of the Constitution referred to is not self-executing, and of itself creates no liability whatever. The language used plainly contemplates that legislation was necessary in order to make it effectual. It was intended simply to confer authority upon the legislature of that state to legislate upon the subject, and perhaps it imposed upon that body the duty of securing the debts of corporations by imposing upon the stockholders an individual liability, and by such other means as in its discretion it should deem proper, always limiting such power and discretion by the provision that each stockholder should be made liable to an amount equal to the stock held by him. The legislature did enact such statutes, and it is these enactments and not the Constitution itself which is sought to be enforced in this action. (*Groves* v. *Slaughter*, 15 Peters, 449; *Morley* v. *Thayer*, 3 Fed. Rep. 737; *May* v. *Black*, 77 Wis. 101; *Fusz* v. *Spaunhorst*, 67 Mo. 256; *French* v. *Teschemaker*, 24 Cal. 518.) The question is thus presented whether a right of action unknown to the common law and existing only by force of the statutes of another state, can be enforced in the courts of this state, or outside of the local jurisdiction where the corporation is domiciled. The defendant's relation to the corporation is governed by the laws of the state of its creation, and the general rule is that the statutory liability of stockholders in foreign corporations cannot be enforced except at the domicile of the corporation when the law of the domicile provides the remedy. In *Erickson* v. *Nesmith* (4 Allen, 233) the court said: "There seems to be no practicable mode of dealing with such corporations and its members, when seeking to charge the latter upon the statute liability, but to proceed in the manner prescribed by the statute creating such liability, and in the local jurisdiction where the corporation was established and carries on its business, and by whose local statutes alone the responsibility exists." We think that when the statutes set forth in the complaint are carefully read, it is apparent from their language that they provide for a special

and peculiar remedy against the stockholders of a corporation created under the laws of that state. From their whole structure and scope it is apparent that they were intended to operate and be enforced only within that jurisdiction. It is quite clear that as to some of their provisions, at least, it would be impossible to enforce them in this state, and they should be construed as enactments *in pari materia,* and as a whole. If it appears that they cannot as a whole scheme be given full effect in this state, we ought not to detach some particular provision from the general context with a view of ascertaining whether that is or is not enforceable beyond the local jurisdiction. But without reference to the special and peculiar provisions of these statutes, we think that the general current of authority is to the effect that such enactments are to be enforced only within the jurisdiction of the sovereignty where they exist. Some of the authorities will be referred to hereafter.

The judgment of the learned court below seems to have proceeded principally upon the ground that the liability of the defendant as a stockholder of the insolvent bank in another state is primary and contractual. It is quite doubtful, at least, whether any such relation exists between the stockholders of the corporation and its creditors after the capital stock has been paid in and the organization of the corporation completed so as to give it legal capacity to make contracts and incur obligations for itself. The statutes of this state, as construed by judicial decisions, seem to recognize that relation only in cases of liability before the capital stock is paid in. Up to that time the liability of stockholders has been likened to that of partners engaged in a joint enterprise, which, however, disappears upon the perfection of the corporate organization. We have had occasion recently to examine that question in the case of *First Nat. Bank of Auburn* v. *Dillingham* (147 N. Y. 603), and we adhere to the views there expressed with reference to this question, as well as other questions there decided and which seem to be involved in this case. It is true that the liability sought to be enforced in that case

differed in its nature from that involved in the case at bar, since it was not an action to enforce a stockholder's liability but that of trustees for disregard of an express statute. The liability in that case was penal in its nature. Here it is not, and yet it cannot be said that it arises upon contract in the general sense, as it would not exist but for the terms of the statute. The voluntary purchase of the stock by defendant would not of itself create any liability (*Jessup* v. *Carnegie*, 80 N. Y. 441). The complaint does not disclose any other contractual relations between the plaintiff and the defendant. The debt which the plaintiff is seeking to enforce is not the debt of the defendant, but that of the bank. The only liability that in law is imposed upon the defendant to pay this debt, or any part of it, is created by the statutes of the state where the corporation is domiciled. The principle adopted, generally, by the more recent cases in this state, is that such a liability is not strictly based upon contract, but is created by statute. It is not primary, but secondary, and conditional upon the failure of the corporation itself which owes the debt to pay it. A liability is imposed by statute upon the defendant to pay the corporate debts to a limited extent, under certain circumstances and upon certain conditions. It is not a general liability, but special, and conditioned upon the failure of the corporation itself to pay. This peculiar liability has been held by our courts to place the stockholders of the corporation in the relation of sureties or guarantors of the corporate debts, and the obligation is limited, in the first place, by the defendant's holdings in the corporation, and in the second place by the deficiency existing after the application of all the property of the corporation to the payment of its debts. It does not appear from the statements of the complaint that the corporate property which passed into the hands of the receiver has yet been marshalled or appropriated for the benefit of creditors. It does appear that a part of it has, but as to how much, if any, still remains in the hands of the receiver applicable to the discharge of the obligations held by creditors the complaint is silent. True, there is the allegation that the cor-

poration is insolvent and has not sufficient property to discharge its debts. But until all the property of the corporation in the hands of the receiver has been appropriated to that purpose it cannot be known what the deficiency is which the stockholders are required to make up. If the defendant should pay the plaintiff's debt in this action, for aught that appears some one may still be entitled to a dividend from the receiver on account of it, and until it has been definitely ascertained by some proceeding, legal or equitable, either in the courts of the state where the corporation was domiciled or here, what the deficiency is, it is impossible to say with any degree of accuracy how much the defendant ought to pay. The relations of the defendant as a stockholder of the corporation are fixed and governed by the laws of the state in which the corporation is domiciled and under which it was created. If those laws created a liability against the defendant upon certain conditions and under certain circumstances, they also provided a special and peculiar remedy ; and the general trend of authority is to the effect that the remedy thus provided must be followed, and the proceedings for its enforcement must be within the local jurisdiction and by the judicial department of the sovereignty which enacted the law and created the corporation ; and this would be so whether the liability is penal in its nature or arises from the implied obligation of defendant by the purchase of stock.

But if, under any circumstances, the action could be maintained in this jurisdiction, it must be in such a form and by such modes of procedure as like liabilities created under our own statutes are enforced against our own citizens.

There is no reason why the plaintiff should be permitted to enforce his debt in this jurisdiction against a citizen of this state in a form of action different from that which a creditor of a domestic corporation may prosecute against a domestic stockholder. It is quite well established that in a case like this an action at law by a single creditor against a single stockholder for the recovery of a specific sum of money cannot be maintained in our courts under our statutes declaring the liabil-

ity of stockholders. In such cases the liability must be enforced in equity in a suit brought by or in behalf of all the creditors against all the stockholders, wherein the amount of the liability and all the equities can be ascertained and adjusted. The stockholders of this Kansas bank are not equitably liable for any greater sum than may be necessary to discharge the debts after the corporate property has been applied. All of them that are solvent should contribute in proportion to the amount of their holdings of stock. We are not informed by the complaint how many stockholders there are, or even the amount of the capital stock. Nor are we informed whether any of the stockholders are insolvent. It is quite evident, therefore, that the equitable proportion of the corporate debts which this defendant should pay cannot be ascertained or determined in this action. The liability of the stockholders is a fund to which all the creditors are entitled to resort after the corporate property has been applied upon the debts. If this action can be maintained it is quite apparent that one creditor may collect his debt in full and another creditor may not be paid anything, except what he is able to collect from the corporation. The statutes upon which this action is based provide, among other things, that when judgment is obtained against a stockholder and it is satisfied by collection or payment he may, in turn, maintain an action against all the other stockholders, who are such at the time of dissolution, for the recovery of the portion of the debt for which they were liable, and if any stockholder thus sued shall not have property enough to satisfy his portion of the claim the deficiency shall be divided equally among the remaining stockholders and collected accordingly. It is quite apparent that the purpose of the law cannot be carried out, except by a proceeding in equity for an accounting, to which all the stockholders are made parties. If the plaintiff can maintain this action and collect his debt from the defendant, how can the defendant proceed against his fellow-stockholders to reimburse himself for that part of the debt which they should have paid? It would be manifestly unjust and unfair to

compel him to pay this claim and turn him over to another
action, perhaps in another state, or in many states, in order to
obtain the contribution which the law evidently contemplates.
All these questions should be settled in one proceeding, or in
one action, and that at the domicile of the corporation.   The
statute contemplates that each stockholder shall pay his just
proportion of any sum that may be required to discharge the
outstanding obligations of the corporation.   The form of the
action should be one, therefore, adapted to the protection of
all.   A suit at law by one creditor to recover for himself
alone is entirely inconsistent with any idea of contribution.
The liability is not to any individual creditor, but for contri-
bution to the fund out of which all creditors are to be paid
alike.   Hence, the appropriate remedy is by suit in equity to
enforce the contribution, and not by one creditor alone to
appropriate to his own use that which belongs to others equally
with himself.   (*First Nat. Bank* v. *Dillingham,* supra ;
*Terry* v. *Little,* 101 U. S. 216 ; *Hornor* v. *Henning,* 93 U.
S. 228.)   It is impossible to conceal from ourselves that such
is the scope and real purpose of the action, and hence we are
asked to enforce a remedy under a foreign law where it is
perfectly apparent that complete justice cannot be done, and
where it is plain that an equitable result can be accomplished
only by the courts of the jurisdiction where the corporation
was created.

The case has thus far been considered with reference to
the discovery of some practical method of applying in this
jurisdiction the peculiar local remedy for the enforcement of
the statutory liability created by the law of the domicile.
There is still another aspect of the question which deserves
attention, and it must be viewed in the light of notorious
facts which, though not appearing in the record, are matters
of current history and common knowledge to which we can-
not shut our eyes.   Within recent years numerous business
enterprises have been promoted in some of the western states,
the money for the prosecution of which has been to a large
extent borrowed here, either in the form of direct loans upon

some kind of security, or by inducing many of our citizens to purchase stock in corporations organized for the purpose under local laws. Much of these investments, amounting to a vast sum in the aggregate, has been lost. This result is in some degree to be attributed to financial depression and the consequent derangement of business, but in a much greater degree to the gross mismanagement and dishonesty of the managers and promoters. The funds thus procured have been used largely in furtherance of local and private interests, and in disregard of every prudent safeguard for the protection of the investors, and sometimes in defiance of every principle of common honesty. In some cases, when the managers well knew they were hopelessly involved, they continued to transact business, borrowing recklessly and pledging the assets in their possession or under their control. When the crash came these assets were sold by the pledgees, and, of course, sacrificed in many cases, leaving large deficiencies, which honest and prudent management could have converted into a surplus. A careful investigation of some of the disastrous failures of loan, investment, trust, land and mortgage companies, as well as banks and other corporations, will reveal this condition of things. It will not be difficult for speculators to purchase large claims against these defunct corporations at a very low price if they can be readily enforced here against stockholders who have made and lost investments in the stock.

These considerations are not, of course, pertinent in a case where a party is seeking to enforce a clear legal right, whatever may have been the circumstances of its origin, but they serve to stimulate a careful inquiry as to the principles and reasons upon which the courts of this state are required to aid in the enforcement of claims of this character.

In the case at bar the plaintiff's right of action has no other legal or moral basis than the *fiat* of a legislature of another state. It is a principle of universal application, recognized in all civilized states, that the statutes of one state have, *ex proprio vigore,* no force or effect in another. The

enforcement in our courts of some positive law or regulation of another state depends upon our own express or tacit consent. The consent is given only by virtue of the adoption of the doctrine of comity as part of our municipal law. That doctrine has many limitations and qualifications, and generally each sovereignty has the right to determine for itself its true scope and extent. The courts of this state are open to all suitors to enforce rights of action, transitory in their nature, recognized by the common law or founded in natural justice, and when no law of the forum or any principle of public policy interferes. There is, however, a large class of foreign laws and statutes which, under the doctrine of comity, have no force in this jurisdiction. It belongs exclusively to each sovereignty to determine for itself whether it can enforce a foreign law without, at the same time, neglecting the duty that it owes to its own citizens or subjects. It has been held, and is a principle universally recognized, that the revenue laws of one country have no force in another. The exemption laws and laws relating to married women, as well as the local Statute of Frauds and statutes authorizing distress and sale for non-payment of rent, are not recognized in another jurisdiction under the principles of comity. (*Morgan* v. *Neville*, 74 Pa. St. 52 ; *Waldron* v. *Ritchings*, 3 Daly, 288 ; *Seigel* v. *Robinson*, 56 Pa. St. 19 ; *Kelly* v. *Davenport*, 1 Browne [Pa.], 231 ; *Ross* v. *Wigg*, 34 Hun, 192 ; *Ludlow* v. *Van Rensselaer*, 1 John. 95 ; *Skinner* v. *Tinker*, 34 Barb. 333.) It is well understood also that the statutes of one state giving a right of action to recover a penalty have no force in another. (*Huntington* v. *Attrill*, 146 U. S. 657.) So also rights of action arising under foreign bankrupt, insolvent or assignment laws, are not recognized here when prejudicial to the interests of our own citizens. (*Warner* v. *Jaffray*, 96 N. Y. 248 ; *In re Waite*, 99 N. Y. 433 ; *Barth* v. *Backus*, 140 N. Y. 230 ; *Douglass* v. *P. Ins. Co.*, 138 N. Y. 209.) There is another class of cases where the right to enforce the foreign statute is conditioned upon the existence of a law substantially similar here. ( *Wooden* v. *W. N. Y. & P. R.*

*R. Co.*, 126 N. Y. 10.) Statutes giving a right of action for negligence resulting in death belong to that class. (*Whitford* v. *Panama R. R. Co.*, 23 N. Y. 465.) There are many other classes of foreign statutes affecting public and private interests which courts have uniformly held can have no extra-territorial force or effect. From the general trend of judicial decisions in this country, and the consensus of authority on the question, it may be safely asserted that rights of action, such as are set forth in the complaint in this action are not enforceable in another jurisdiction upon any obligations of comity. It has been held that an action by a New York creditor of a corporation organized under the Manufacturing Act of this state against a New Jersey trustee in the courts of that state, for neglect to file the annual report, could not be maintained. The opinions of the several members of the court in that case contain a clear and interesting discussion of the law applicable to the question. (*Derrickson* v. *Smith*, 27 N. J. Law, 166.) The courts of Massachusetts have uniformly refused to entertain actions of this character, upon the ground either that to enforce the foreign law would be injurious to its own citizens, or that complete justice could not be administered in its courts under its special and peculiar provisions. (*Erickson* v. *Nesmith, supra; New Haven Horse Nail Co.* v. *Linden Spring Co.*, 142 Mass. 349; *Post* v. *T., C. & S. L. R. R. Co.*, 144 Mass. 341; *Bank of North America* v. *Rindge*, 154 Mass. 203.) The arguments of the court in these cases upon which the conclusion was based deserve the highest respect, and it is worthy of notice that in the case last cited the statute sought to be enforced was the identical one now under consideration in the case at bar.

The highest court of Illinois has also refused to enforce this same statute and provision of the Kansas Constitution on the ground that the remedy was special and must be pursued in the state where the corporation exists. (*Fowler* v. *Lamson*, 146 Ill. 472.) In another case (*Young* v. *Farwell*, 139 Ill. 326) it held that it could not enforce by action at law a statute of Oregon for the collection of unpaid subscrip-

tions, for the reason that a complete settlement of the controversy required a bill in equity where all the parties interested were before the court, so that complete justice could be meted out to all, and all conflicting rights and equities finally adjusted. (*Patterson* v. *Lynde*, 112 Ill. 196 ; 106 U. S. 519.) By the Constitution and laws of Michigan stockholders of corporations of that state are individually liable for certain debts to be enforced by action of assumpsit, and the highest court of Wisconsin has held that the remedy was exclusive ; that the corporation itself was a necessary party and that the liability could be enforced only in the courts of Michigan. (*May* v. *Black*, 77 Wis. 101.) It has been also held, after exhaustive consideration, that a creditor of an Ohio corporation could not enforce the statutory liability of a stockholder in the courts of West Virginia. (*Ninnick* v. *Mingo Iron Works Co.*, 25 West Va. 184.) There are numerous other decisions in the state and Federal courts that hold in effect, either that such a liability cannot be enforced at all beyond the local jurisdiction, or that such an action must be in equity after all remedies against the corporation have been exhausted, and that too in the state where the stockholder is sought to be charged, or at least the bill must show upon its face by proper allegations that such a proceeding was impossible, and that all the corporate assets have been applied to the payment of the claims of creditors. (*Terry* v. *Little*, 101 U. S. 216 ; *National Tube Works Co.* v. *Ballou*, 146 U. S. 517 ; *Pollard* v. *Bailey*, 20 Wall. 520 ; *Fourth Nat. Bank* v. *Francklyn*, 120 U. S. 747 ; *Peck* v. *Miller*, 39 Mich. 594 ; *Barrick* v. *Gifford*, 47 Ohio St. 181 : *Allen* v. *Walsh*, 25 Minn. 543 ; *Smith* v. *Huckabee*, 53 Ala. 191.) The decisions of our own courts are also to the effect that special remedies provided by foreign laws to enforce the liability of stockholders in foreign corporations must be applied by the courts of the state in the local jurisdiction and where the corporation is domiciled. (*Lowry* v. *Inman*, 46 N. Y. 119 ; *Christensen* v. *Eno*, 106 N. Y. 97 ; *Barnes* v. *Wheaton*, 80 Hun, 8.) The statutes in these cases were, it is true, different in some

· respects from that now under consideration, but when these cases are read with some of our more recent decisions as to the mode of enforcing the liability of stockholders in our own corporations, it becomes at once apparent that they apply to the statute in question. (*First National Bank of Auburn* v. *Dillingham*, 147 N. Y. 603.)

The objection to this action does not rest upon the principle that the plaintiff is seeking to enforce a statute for the recovery of a penalty, since the liability is not penal in any international sense, but arises upon the statute as an implied obligation which the defendant assumed when he purchased his stock. (*Cochran* v. *Wiechers*, 119 N. Y. 399; *Flash* v. *Conn.*, 109 U. S. 371; *Richmond* v. *Irons*, 121 U. S. 27.) The case involves questions which open a broad field for investigation. It would take much time and labor to explore it thoroughly. It would, perhaps, be impossible to state the principle upon which the decision should rest without apparently coming in conflict with some of the numerous cases on the subject at some point. The great weight of authority, as will be seen, is against the right to maintain such an action. Sometimes the decision is put upon one ground and sometimes upon another, but it is to be noticed that the party seeking to enforce such a statute in a foreign jurisdiction has been quite uniformly defeated. The statute in question, while creating a certain liability on the part of a stockholder to a creditor of a corporation, at the same time gives to the former certain rights as against his fellow-stockholders for contribution. It should be administered in such a way as to secure the rights of all in the same action. This is the interpretation which we have given to our own statutes enacted for a similar purpose. It is clear that this cannot be done in this action since the theory of the plaintiff is that the defendant is liable in successive actions at law by creditors, suing separately, until he has paid a sum equal to his stock, and then he must resort to some other jurisdiction for contribution. This would be most unjust and oppressive, and it is safe to say that no well-considered case can be found that sanctions such a principle.

While this is not an action for a penalty, yet we think that it belongs to a class of cases in which there is no obligation under any well-recognized principle of the law of comity to enforce a claim founded upon such a statute. Moreover, the right asserted and the remedy provided are of such a nature that they cannot be given any practical effect here without injustice to our own citizens. We are virtually asked to ignore our own rules of construction and methods of procedure in order to compel the defendant to pay to foreign creditors a sum equal to his holdings of stock, without any power to inquire into the necessity for it by an accounting or to secure to him any recourse against others equally liable. When the courts of this state are asked to administer the statutes of Kansas and we can see that the case is surrounded by such complications and the circumstances are such that it cannot be done without injustice to our own citizens, or that it will be impossible to do full and complete justice to all the parties in interest, it is reasonable and just to decline to administer them at all.

The judgment of the General and Special Terms should be reversed, with costs in all courts, and the demurrer sustained, with leave to the plaintiff to amend the complaint on payment of costs.

All concur.

Judgment accordingly.