CONSOLIDATED COPPERMINES CORPORATION, Plaintiff, *v.* NEVADA CONSOLIDATED COPPER COMPANY, Defendant.

Supreme Court, New York County, March 17, 1926.

Courts — Supreme Court — jurisdiction — action by foreign corporation for trespass in Nevada — complaint demands judgment for treble damages pursuant to Nevada statute — context of statute indicates statute is special statutory remedy to be enforced in courts of Nevada — complaint dismissed.

Plaintiff, a foreign corporation, may not maintain an action in the Supreme Court of this State, pursuant to a Nevada statute, for treble damages by reason of defendant's trespass upon its property in Nevada and the removal of ore therefrom, since a consideration of said statute in its entirety both as to rights and remedies warrants a finding that plaintiff's action is a special statutory remedy to be enforced in the courts of Nevada in accordance with the statutory requirements.

MOTION to dismiss the complaint on the ground, among others, that the court has no jurisdiction of the subject-matter of the action.

*Joseph B. Cotton, Samuel Brenner* and *Roy F. Wrigley,* for the plaintiff.

*Chadbourne, Stanchfield & Levy* [*William Wallace, Jr.,* and *J. Arthur Leve* of counsel], for the defendant, appearing specially.

**72** Consolidated Coppermines Corp. *v.* Nevada Cons. C. Co.

Supreme Court, March, 1926. [Vol. 127

Proskauer, J. Both plaintiff and defendant are foreign corporations. The allegation of the complaint is that the plaintiff owns a mine in Nevada; that the defendant in bad faith willfully, wrongfully and illegally trespassed upon the mine and took out ore of the value of $87,000; that under the statutes of Nevada set forth in part in the complaint any person in plaintiff's position may maintain an action for the recovery of such damages or for an injunction and recover twice the value of the mineral so removed, or if the trespass was in bad faith, three times the value of the ore so removed. The prayer for relief is a demand for the treble damages provided by the Revised Laws of Nevada.

The complaint is somewhat uncandid in not alleging all of the Nevada statute. Other sections provide that a Nevada District Court or a judge thereof may make an order for a survey. (Revised Laws of Nevada, § 5511.) Section 5510 provides that damages so recovered shall be a lien upon all property either real or personal of a judgment debtor, excepting in so far as there are statutory exemptions from execution. Section 5512 provides that the court in which an action is pending may upon notice grant an order allowing the plaintiff to enter upon and survey the property. It is apparent, therefore, that the real subject-matter of this action is the enforcement of a special statutory right conferred in a special statutory way by the laws of Nevada.

Prior to the enactment of section 982-a of the Code of Civil Procedure by chapter 76 of the Laws of 1913, which was re-enacted into the Real Property Law, section 536, by chapter 930 of the Laws of 1920, the courts of this State had no jurisdiction in any action for damages for injuries to real property without the State. (*Brisbane* v. *Pennsylvania R. R. Co.,* 205 N. Y. 431.) The statute provides that an action for damages for injuries to real property without the State may be maintained " whenever such an action could be maintained in relation to personal property without the State." The statute, so far as I have been able to discover, has never been interpreted with respect to the questions raised on this motion. One State will not ordinarily give effect to rights arising under the laws of another State providing for a penalty. (*Raisor* v. *C. & A. R. R. Co.,* 215 Ill. 47.) Judicial reluctance is also declared to assume jurisdiction with respect to a right given by the statute of another State, which provides a right to be enforced in a particular way. (*Coyne* v. *Southern Pac. Co.,* 155 Fed. 683; *Southern Pac. Co.* v. *Dusablon,* 48 Tex. Civ. App. 203.) The Nevada statute must be considered in all its sections both as to rights and to remedies. (*Marshall* v. *Sherman,* 148 N. Y. 9; *Dudley* v. *Mayhew,* 3 id. 9.)

In *Gregonis* v. *P. & R. Coal & Iron Co.* (235 N. Y. 152), CRANE, J., writes: " It may be also that the courts of this state will not feel inclined to take jurisdiction where a right is given by a foreign statute which provides an exclusive remedy to be enforced in a particular way or before a special tribunal."

In *Marshall* v. *Sherman* (148 N. Y. 9), O'BRIEN, J., writes (p. 29): " When the courts of this state are asked to administer the statutes of Kansas and we can see that the case is surrounded by such complications and the circumstances are such that it cannot be done without injustice to our own citizens, or that it will be impossible to do full and complete justice to all the parties in interest, it is reasonable and just to decline to administer them at all."

The references in the Nevada statute to what may be done by the court in which the action is pending and the whole context of the statute make it clear that this is a special statutory remedy to be enforced in the courts of Nevada in accordance with the statutory requirements. The courts of this State should, therefore, refuse jurisdiction, and the complaint is dismissed.

Motion granted. Settle order on notice.