Commonwealth of Pennsylvania for the Use and Benefit of Clarence Beals, Plaintiff, *v.* Paul R. Beals and Another, Defendants.

Supreme Court, Erie County, March 27, 1931.

*Carlton E. Ladd,* for the plaintiff.

*Kimball & Smith,* for the defendant Hartford Accident and Indemnity Company.

Lytle, J.   This action is brought to recover for labor performed in the construction of a public highway in the State of Pennsylvania. On or about January 9, 1929, the plaintiff's father, Paul R. Beals, entered into a contract with the State of Pennsylvania for the improvement of a section of a highway located in Potter county. Pursuant to a statutory requirement the contractor was obliged to furnish a bond which, among other things, provided that the

contractor would well and truly pay for all labor performed and material furnished in the performance of said contract. The defendant Hartford Accident and Indemnity Company is the surety on that bond.

The provisions of the Pennsylvania statute applicable to the construction contract are found in section 142 of the Highways and Bridges Law of the State of Pennsylvania, and is also contained in Purdon's Pennsylvania Statues, volume 36, section 142.

The defendant Hartford Accident and Indemnity Company moves to dismiss the action on the ground that this court has no jurisdiction over the subject-matter of the action and that the plaintiff has not the legal capacity to sue the action in the courts of the State of New York.

The primary question is whether the action is local in its nature, so as to render it cognizable only in the courts of the State of Pennsylvania. The contention of the defendant Hartford Accident and Indemnity Company is that the action is founded upon a liability created or provided for by statute and that the statute also provided a remedy for that liability. If that be true, the remedy provided is exclusive of all others.

The statute in question provides, among other things, that the building of highways shall be by a contract and according to plans and specifications prepared by the Highway Department, and provides further that the contract be let to the lowest responsible bidder with the privilege to the State of rejecting any and all bids. The statute also provides that the successful bidder shall furnish a bond in the sum equal to fifty per cent of the contract price, the condition of said bond to be that the contractor shall well and truly, and in a manner satisfactory to the State Highway Commissioner, complete the work contracted for and shall save harmless the Commonwealth of Pennsylvania from any expense incurred through the failure of said contractor to complete the work as specified, or from any damages growing out of the carelessness of said contractor or his or its servants. Another condition of such bond is that " he shall well and truly pay for all material furnished and labor performed in the prosecution of the work contracted for." Then follows the provision that any laborer or materialman who has not been paid shall have the right to intervene and be made a party to any action instituted by the Commonwealth of Pennsylvania on such bond and shall have the right to have his claim adjudicated and judgment rendered in that action subject to any prior claim or judgment of the Commonwealth. If the liability of the surety on that bond is insufficient to pay the amount of the claim, then, after the Commonwealth has been paid in full,

the remainder is to be distributed *pro rata* among the intervenors. Then comes the part with which we are particularly concerned on this motion. The next sentence provides that if no suit is brought by the Commonwealth within six months from the completion of the contract and final settlement, then any laborer or materialman upon furnishing affidavit to the Highway Department that his claim for labor or material has not been paid is entitled to be furnished with a certified copy of said contract and bond " *upon which he or they shall have a right of action and shall be and are hereby authorized to bring suit, in the name of the Commonwealth of Pennsylvania, for his or their use and benefit, against the said contractor and his sureties, and to prosecute the same to final judgment and execution.*" It is clear from the foregoing that the laborer or materialman has no other or different cause of action, nor has he any cause of action in his individual right. It must be in the name of the Commonwealth of Pennsylvania. The next sentence provides that such action shall not be commenced until after the performance of the contract and the final settlement with the Commonwealth, but must be commenced within one year after the performance and settlement, and not later. Then follows a provision which makes that action not only the exclusive one for the particular creditor who commences it but also for all other creditors. The following is the provision: " Where suit is so instituted by a creditor or creditors no other action shall be brought by any other creditor but any other creditor may file his claim in the action first brought and be made party thereto within one year from the completion of the work under said contract, and not later."

It is further provided that if two or more actions are brought on the same day the action in which the largest amount is demanded shall be regarded as the first. Any creditor who has brought an action within the one year period of limitation after suit has been brought by another creditor may intervene in the first suit notwithstanding the fact that the intervention is after the expiration of the one year limitation provided it be made within thirty days thereafter. If the recovery on the bond is inadequate to pay the amounts found due to the original and intervening creditors, the statute provides for a *pro rata* judgment. There is a further provision to the effect that the surety may pay into court for distribution among the creditors the full amount of its liability, less any amount which it has had to pay the Commonwealth of Pennsylvania, and upon doing so the surety will be relieved.

The statute further provides: " In all suits instituted under the provisions of this act, such personal notice of the pendency of such suits, informing them of their right to intervene, as the Court may

order, shall be given to all known creditors, and, in addition thereto, notice shall be given by publication in some newspaper of general circulation, published in the county or town where the contract was performed, once a week for at least three successive weeks."

It has been repeatedly held in this State that a surety bond given pursuant to charter or statutory requirements by contractors is primarily for the protection of the State or the municipal corporation, and the protection of others is incidental or subordinate. (*Johnson Service Co., Inc.,* v. *Monin, Inc.,* 253 N. Y. 417; *Fosmire* v. *National Surety Co.,* 229 id. 44; *Newark Concrete Pipe Co.* v. *National Surety Co.,* 131 Misc. 718; *Eastern Steel Co.* v. *Globe Indemnity Co.,* 185 App. Div. 695; affd., 227 N. Y. 586; *Buffalo Cement Co.* v. *McNaughton,* 90 Hun, 74; affd., 156 N. Y. 702.)

A requirement that the contractor furnish a bond for the payment of labor performed and materials furnished in the construction of the improvement under the contract has been held to be a proper exercise of legislative power of municipal corporations. The legislative bodies may also prescribe a means by which the individual members of the municipality and all other persons may be protected in their rights. (*Wilson* v. *Whitmore,* 92 Hun, 466; affd., 157 N. Y. 693.)

The plaintiff in this action seeks to invoke in his behalf the benefits of the laws of the Commonwealth of Pennsylvania and of a bond executed by the defendant Hartford Accident and Indemnity Company pursuant to the requirements of the laws of the Commonwealth of Pennsylvania. The statute provides a special or peculiar remedy and is, therefore, enforcible only in the jurisdiction where enacted. (*Brower* v. *Watson,* 146 Tenn. 626; *Pickering* v. *Fisk,* 6 Vt. 102; *Marshall* v. *Sherman,* 148 N. Y. 9, 18; *Christensen* v. *Eno,* 106 id. 97; *Consolidated Coppermines Corp.* v. *Nevada Consolidated Copper Co.,* 127 Misc. 71; *Hartford Accident & Indemnity Co.* v. *United States Fidelity & Guaranty Co.,* 209 App. Div. 352; revd., *sub nom. Hartford Accident & Indemnity Co.* v. *Chartrand,* 239 N. Y. 36.)

Although the statutes of one State have no force or effect in another State, courts of justice in one State will, out of comity, assume jurisdiction of causes of action which are transitory in their nature, given by and arising under the statutes of a foreign State, where by so doing they will not violate their own laws or inflict injury on their own citizens; and the courts of a State may likewise assume jurisdiction of an action arising under the common law of another State, although there is a variance of view as to the law which controls, provided it does not amount to a fundamental difference of policy.

There are instances, therefore, when courts of one State accept the jurisdiction over contractors' bonds given under the laws of another State. (*Hartford Accident & Indemnity Company* v. *City of Thomasville*, 130 S. 7; *Federal Surety Co.* v. *City of Staunton*, 29 F. [2d] 9; *First National Bank of Hot Springs* v. *Caples*, 17 id. 87.)

In those cases, by virtue of the particular statute involved, no point was made that a specific remedy was given by the statute. It seems that in the Pennsylvania statute we find that the bond is to have effect only in a particular way, and that it is to be enforced only in the particular mode pointed out by said statute. The enforcing of said bond is, therefore, within the exclusive province of the tribunals of the Commonwealth of Pennsylvania.

It is to be observed that the bond sued upon is made payable to the Commonwealth of Pennsylvania, and the law specifically provides that any action on the bond must be brought in the name of the Commonwealth of Pennsylvania. The bond is evidently provided for in order to enable the Commonwealth to have an opportunity adequate to enforce compliance by the contractors who enter upon public improvements. It is true that laborers and materialmen can have the benefit of the protection afforded by the surety bond, but the Legislature of that Commonwealth refused the right to have the cause of action enforced in its own name. The legislation also provides the particular steps to be taken in the enforcement of the obligations expressed in said bond. In the enactment of this statute the Commonwealth of Pennsylvania undertakes in a measure to regulate its internal affairs, and the bond is not a contract growing out of a personal contract between individuals, but is one given to the Commonwealth of Pennsylvania to guarantee the faithful execution of the contract upon a public improvement. In a sense the bond is not a private security but a public security.

The manner of enforcing the obligations arising under this public security is specifically prescribed by statute with a view of protecting not only the Commonwealth, but also each and every citizen alike, who may be injured by reason of the breach of any obligation on the part of the contractor as prescribed for in the contract and the surety obligation. The obligation, therefore, seems to be a local one for it was never contemplated by the Legislature of that State, when it provided for this surety, nor by the parties to it when it was enacted, that it should be taken abroad as evidence of a personal contract to be enforced in another jurisdiction in any and every manner which their laws might warrant. To assume jurisdiction over the subject-matter of this action would amount to an interference on our part with the internal affairs of the Commonwealth of Pennsylvania and an interference tending to exclude

the proper action of their own courts on the subject. To assume jurisdiction of the subject-matter of this action would also amount to withdrawing from the Commonwealth of Pennsylvania a matter exclusively within its cognizance.

In view of the premises, the motion by the defendant Hartford Accident and Indemnity Company for a dismissal of the complaint must be granted. Let an order be prepared accordingly.