J. P. COCHRANE. LIQUIDATOR OF THE FIRST BANK OF LAKE WORTH, FLORIDA, PLAINTIFF, v. WILLIAM J. MORRIS, Jr., DEFENDANT.

Decided December 30, 1931.

OLIPHANT, Circuit judge, sitting as Supreme Court commissioner.

For the plaintiff, *Backes & Backes.*

For the defendant, *Homan, Buchanan & Smith.*

OLIPHANT, S. C. C. This matter comes before me on a motion to strike out the answer filed by the defendant.

The plaintiff is the liquidator of the First Bank of Lake Worth, Florida. The defendant is the record holder of twenty-one shares of the capital stock of said bank. This action is brought to recover from the defendant a one hundred per cent. assessment laid against him on his alleged liability under section 4128 *R. G. S.* 1920 of Florida, which provides as follows:

"Stockholders of every banking company shall be individually responsible, equally and ratably and not for one another for all contracts, accounts, debts and engagements of such company to the extent of the amount of their stock therein at the par vaue thereof in addition to the amount invested in such shares."

The defendant by way of a fifth separate defense says that the complaint does not set forth or disclose any cause of action in that said action is contrary to the provisions of section 2 of the supplement of 1897 to the Corporation act (2 *Comp. Stat.* 1910, *p.* 1656, ¶ 94 B), and reserves his right to set up this defense as grounds for the dismissal of the complaint. The statute referred to reads as follows:

"No action or proceeding shall be maintained in any court of law of this state against any stockholder, officer or director of any domestic or foreign corporation by or on behalf of any creditor of such corporation to enforce any statutory personal liability of such stockholder, official or director for or upon any debt, default or obligation of such corporation, whether such statutory personal liability be deemed penal or contractual, if such statutory personal liability be created by or arise from the statutes or laws of any other state or foreign country, and no pending or future action or proceeding to enforce any such statutory personal liability shall be maintained in any court of this state other than in a nature of an equitable accounting for the proportionate benefit of all parties interested to which such corporation and its legal representatives, if any, and all of its creditors and all of its stockholders shall be necessary parties."

The liability of the defendant which is sought to be imposed is a statutory liability. The liquidator is acting on behalf of the creditors of the bank.

The statute invoked as a defense by the defendant was passed to protect the citizens of New Jersey in just such a situation as is here presented. The case of *Marshall* v. *Sherman*, 148 *N. Y.* 9, is an excellent exposition of the law as it pertains to the instant case. The whole opinion might well be set out in this memorandum but will be omitted for the sake of brevity. The case was a suit at law seeking to enforce a stockholder's statutory liability against a defendant. The defendant demurred to the complaint and the demurrer was denied below. The Court of Appeals reversed the lower court and sustained the demurrer.

Justice requires that a stockholder at best pay only his proportionate share of the liabilities and that can only be determined in a proper proceeding in a court of equity, which the statute contemplates.

Plaintiff relies on the cases of *Western National Bank* v. *Reckless*, 96 *Fed. Rep.* 70, and *Graham* v. *Fleissner's Executors*, 107 *N. J. L.* 278. They do not apply to the case at bar. In the former case, the suit was based on the defendant's statutory liability and section 94 B of the Corporation act was raised as a defense by way of demurrer. The court overruled the demurrer, holding in that particular case that the statute was passed subsequent to the creation of the statutory liability, and therefore constitutional provisions prevented its use as a defense. In the latter case the liability there sought to be imposed was the trust fund liability, and consequently that liability did not come within the scope of section 94 B of the Corporation act, which applies only to a *statutory personal liability*.

I am of the opinion that the fifth separate defense is a good defense to the action, that the plaintiff does not allege or disclose any cause of action against the defendant in that it is contrary to the provisions of paragraph 94 B of the Corporation act, hereinbefore set forth and that therefore the complaint should be dismissed. Under these circumstances, the other points raised need not be determined.

An order in conformity with the foregoing views may be presented.