LILLIAN FOLEY, Plaintiff, *v.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.

Supreme Court, Special Term, Kings County, March 25, 1940.

*Dwyer & Redfield* [*Emanuel Redfield* of counsel], for the plaintiff.

*Alexander & Green* [*James D. Ewing* of counsel], for the defendant.

FROESSEL, J. Plaintiff moves for an order striking out the first and second complete defenses and the first partial defense set forth in the amended answer upon the grounds (a) that they are legally insufficient, and (b) that they are sham and frivolous.

The action is brought by plaintiff, assignee of a receiver in supplementary proceedings, to recover the cash values of twenty-four retirement annuity contracts issued to one John V. Foley, plaintiff's

husband. Plaintiff recovered a judgment against him in the sum of $16,650 for alimony arrears on December 11, 1934, in the Supreme Court, Queens county. On October 31, 1935, a subpœna in proceedings supplementary to judgment was served on defendant as a third party. Thereafter, by an order to show cause in said supplementary proceedings, plaintiff, as judgment creditor, moved for the appointment of a receiver, on which application the judgment debtor, the said John V. Foley, and Arthur V. Foley, his brother and alleged assignee under an assignment dated November 23, 1935, appeared in opposition. Mr. Justice McLAUGHLIN, sitting at Special Term, Part I, of this court in New York county, granted the motion appointing the receiver over the said opposition, and expressly held (*Foley* v. *Foley*, N. Y. L. J. Jan. 11, 1936, p. 199): "When the receiver is appointed his title will date as of November 6, 1935. Therefore, on November 23, 1935, when the judgment debtor assigned the policies he did not own them and his assignment transferred nothing." (Citing authorities to the effect that the receiver's title relates back to the time of the service of the subpœna.) (Civ. Prac. Act, §§ 807, 808.) It also appears that the Appellate Division, First Department, on reviewing a subsequent summary order commanding the defendant to pay the cash surrender values of these annuities, adopted the same view when it said: "Although the receiver acquired whatever title the judgment debtor had in the annuities at the commencement of this supplementary proceeding." (*Foley* v. *Foley*, 257 App. Div. 154.) It is true that the extent of that title is a matter for trial, but since the receiver acquired all that the judgment debtor had or that he could assign prior to November 23, 1935, the assignment of that date is ineffective. In any event, the determination of Mr. Justice McLAUGHLIN, made after the judgment debtor and his alleged assignee were before him, having been unmodified and unappealed, is the law of the case.

Under the circumstances, the second defense to the effect that the contracts in question were assigned by the annuitant on November 23, 1935, to Arthur V. Foley is insufficient in law. Even without the prior adjudication, the said defense would be unnecessary under the existing pleadings.

The first complete defense as well as the first partial defense allege that the said retirement annuity contracts were issued to said John V. Foley on his written application signed in Pennsylvania, while a resident there; that the policies were delivered and the first premiums paid in that State; and that at that time a pleaded statute of Pennsylvania (Pa. Stat. 1920, §§ 10387–8 [Pennsylvania Laws of 1917, No. 70], described by its own language as an exemption law) provided that such contracts, the monthly return on which does

not exceed $100, " shall be exempt and free and clear from the claims of * * * creditors, and from all legal and judicial processes of execution, attachment, or otherwise, whatsoever."

Assuming the contracts to have been made in Pennsylvania, as required on this application, notwithstanding plaintiff's pleaded claim that they were made in the State of New York, the specific question to be decided here is whether the said exemption statute of Pennsylvania is to be given extraterritorial effect in this State and in this action. No case in this jurisdiction bearing directly upon the point has been called to the court's attention. However, the weight of authority in this country clearly holds that the exemption laws are local in their nature and have no extraterritorial force or operation. They are not part of the contract, are related to the remedy, and subject to the law of the forum. (11 R. C. L., Exemptions, § 5, p. 495; 11 Am. Jur., Conflict of Laws, § 202, p. 520; 25 C. J. § 9, p. 12; 3 Beale, Conflict of Laws, §§ 600.1, 600.2, pp. 1615, 1616; *Chicago, R. I. & P. R. Co.* v. *Sturm,* 174 U. S. 710.)

And so it has been held in Pennsylvania. In *Morgan* v. *Neville* (74 Penn. St. 52) the question arose as to whether an act of Pennsylvania exempting wages from attachment became part of the contract and was carried with the debt into another State. The court held (p. 57): " The Maryland tribunal having jurisdiction, it was not error to disregard the Pennsylvania act, exempting the wages of labor from attachment in the hands of the employer. The Act of 15th April, 1845, Pamph. L. 459, is a supplement to the act relating to executions, and the proviso in the 5th section has relation to the remedy for the collection of debts. It forms no part of the contract itself under which the labor was performed, though the contract was subject to it, and was limited thereby, in this State, in the means of recovery after judgment for the debt. Not being part of the contract, the Pennsylvania statute was not imported with the debt into the Maryland forum, but the remedy there was regulated by the Maryland statute, which gave an exemption to the wages of labor of the sum of ten dollars only."

In *Bolton* v. *Pennsylvania Co.* (88 Penn. St. 261) the court was asked to overrule the case of *Morgan* v. *Neville* (*supra*) and it declined to do so, stating (p. 263): " The non-attachability of wages of labor for debt no more enters into the contract than does the exemption from execution of certain articles or a certain amount. The laws for process of attachment and execution are part of the remedy, governed entirely by the *lex fori*."

In *Marshall* v. *Sherman* (148 N. Y. 9, 25) our Court of Appeals, in citing *Morgan* v. *Neville* (*supra*), said: " The exemption laws * * * are not recognized in another jurisdiction under the principles of comity."

Defendant relies upon the case of *United States Mortgage & Trust Co.* v. *Ruggles* (258 N. Y. 32, 41). This case simply held that the New York statute (Dom. Rel. Law, § 52) " has no extraterritorial effect," and " does not attach to the proceeds of insurance contracts made in States which contain no such limitation on the *power of the parties to contract.*" (Italics supplied.) It did not hold nor even intimate that the laws of Ohio, *if fettered by a statutory restriction of exemption,* would be enforced in the State of New York; it is not controlling here.

In my opinion, the first complete defense and the first partial defense asserted by this defendant are legally insufficient as against this plaintiff, the assignee of the receiver, who acquired the rights and title of the judgment debtor, and in whose shoes the plaintiff now stands.

The foregoing views make it unnecessary to consider other objections to these defenses. Accordingly, the motion to dismiss the first and second complete defenses and the first partial defense is granted, with ten dollars costs.

Submit order.