KNICKERBOCKER TRUST COMPANY, Respondent, *v.* ADRIAN
ISELIN, JR., Appellant.

1. CORPORATION — ACTION BY SINGLE CREDITOR AGAINST SINGLE
STOCKHOLDER IN FOREIGN CORPORATION. An action at law, by a single
creditor of an insolvent Maryland corporation, against a single stock-
holder, to enforce the latter's statutory liability for double the amount of
stock at its par value held by him in such corporation, is not maintain-
able either under the laws of Maryland (Md. L. 1904, chaps. 101, 337), or
under the laws of New York (Section 54, N. Y. Stock Corporation Law,
L. 1890, chap. 564, § 57, amd. L. 1892, chap. 688; L. 1901, chap. 354).

2. PLEADING — EFFECT OF FOREIGN LAW NOT ADMITTED BY DEMUR-
RER. · Where a complaint contains allegations of foreign law, they are
not admitted by demurrer; this is but a corollary of the proposition
that proof of foreign law by experts though ever so clear and though
uncontradicted is not conclusive, since the court must examine and deter-
mine the law for itself, and a demurrer has no greater effect than
uncontradicted proof.

*Knickerbocker Trust Co.* v. *Iselin*, 109 App. Div. 688, reversed.

(Argued February 27, 1906; decided April 24, 1906.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-
ment, entered December 23, 1905, which affirmed an inter-
locutory judgment of Special Term overruling a demurrer to
the complaint.

The following question was certified: "Does the complaint
state facts sufficient to constitute a cause of action?" The
nature of the action and the facts, so far as material, are
stated in the opinion.

*Edwin T. Rice* for appellant. The demurrer should have
been sustained. (*Marshall* v. *Sherman*, 148 N. Y. 9; *Stod-
dard* v. *Lum*, 159 N. Y. 265; *Howarth* v. *Angle*, 162 N. Y.
179.) As a mere contract creditor of the insolvent corpora-
tion the plaintiff has no standing to maintain this action.
(*Savings Assn.* v. *O'Brien*, 51 Hun, 46; *Lowry* v. *Inman*,
46 N. Y. 119; *Jessup* v. *Carnegie*, 80 N. Y. 441; *Griffiths*
v. *Mangam*, 73 N. Y. 611; *Christensen* v. *Eno*, 106 N. Y.

97; *Marshall* v. *Sherman*, 148 N. Y. 9; *Stoddard* v. *Lum*, 159 N. Y. 265; *Howarth* v. *Angle*, 162 N. Y. 179; *Nat. T. Works* v. *Ballou*, 146 U. S. 517; *Whitman* v. *O. Nat. Bank*, 176 U. S. 559.) Actions by single creditors of insolvent corporations of this class against single stockholders are no longer permitted in the courts of Maryland. (Maryland Laws of 1904, chapters 181 and 337; *M. Bank* v. *Snyder*, 100 Md. 57; *Murphy* v. *Wheatley*, 100 Md. 358.)

*Julien T. Davies, Jr.*, for respondent. The averment of the effect and meaning of the Maryland statutes as adjudicated by the courts of that state, is a statement of specific facts. (*Angell* v. *Van Schaick*, 132 N. Y. 187; *Schluter* v. *B. S. Bank*, 117 N. Y. 125; *Hanley* v. *Donoghue*, 116 U. S. 7.) The construction put upon the Maryland statute by the courts of that state having been pleaded as a fact, such averment must be accepted as true in disposing of this demurrer. (*Carnegie* v. *Jessup*, 80 N. Y. 441; *Savings Assn.* v. *O'Brien*, 51 Hun, 45; *Flash* v. *Conn*, 109 U. S. 371; *Leonard* v. *C. S. Nav. Co.*, 84 N. Y. 52.) The liability imposed on stockholders by the statute of Maryland is contractual in its nature, and may be enforced in any court having jurisdiction of the subject-matter and the parties. (*Whitman* v. *O. Nat. Bank*, 176 U. S. 559; *Flash* v. *Conn*, 109 U. S. 371; *Wyles* v. *Suydam*, 64 N. Y. 173; *Howarth* v. *Angle*, 162 N. Y. 179; *Lowry* v. *Inman*, 46 N. Y. 119; *Dennick* v. *C. R. R. Co.*, 103 U. S. 11.)

O'Brien, J. The questions in this case arise upon a demurrer to the complaint on the ground that it does not state a cause of action. The purpose of the action was to enforce the statutory liability of the defendant as a stockholder in a Maryland corporation for a debt due to the plaintiff.

The action was commenced on the 19th of November, 1904, and the complaint alleges in substance the following facts: That the plaintiff is a domestic corporation; that the City

Trust and Banking Company was a Maryland corporation; that each stockholder therein is liable under the laws of that state to creditors of the corporation for double the amount of stock at the par value held by him in said corporation; that the plaintiff loaned to said Maryland corporation on April 20, 1903, the sum of $100,000 due on that date; that the defendant was then a stockholder in said corporation and owned 100 shares of its stock at the par value of $10 per share; that the corporation was then insolvent, and on the 6th of June, 1903, was placed in the hands of a receiver; that there was still due to the plaintiff on said loan the sum of $49,000, and judgment was demanded against the defendant for $2,000 and interest.

The question is whether upon these facts the action can be maintained in the courts of this state, it being an action at law by a single creditor against a single stockholder. The case of *Marshall* v. *Sherman* (148 N. Y. 9) is to the effect that such an action cannot be maintained, and that case seems to me to be well supported by the more recent decisions of the Supreme Court of the United States. If I understand these decisions, they hold that the liability of stockholders in such cases is not a contract but a statutory liability to be enforced primarily at the home of the insolvent corporation and in the state creating the obligation. (*McClaine* v. *Rankin*, 197 U. S. 154; *Middletown Nat. Bank* v. *T. A. A. & N. M. R. Co.*, Id. 394; *Hale* v. *Allinson*, 188 id. 56.) If, however, there ever was any doubt as to the true scope and meaning of what was decided in the *Marshall* case, it has been removed by the legislation that has been enacted both in this state and Maryland since the decision, and which was in force when this action was commenced.

By chapter 337 of the Laws of Maryland, enacted in 1904, it was provided as follows: "The exclusive remedy for the enforcement against stockholders of all rights existing under the Code of Public General Laws * * * shall be, as against stockholders residing in the State of Maryland, by bill in equity in the nature of a creditor's bill filed against such

stockholders by one or more creditors on behalf of themselves and all other creditors of the corporation who may come in and make themselves parties thereto," and by chapter 101 of the laws of that state passed in the same year, it was further enacted : " The stockholders of every such corporation shall be held individually responsible equally and ratably and not one for another for all contracts, debts and engagements of every such corporation to the extent of the amount of their stock therein at the par value thereof in addition to the amount invested in such stock. * * * And the liability of such stockholders shall be an asset of the corporation for the benefit of all depositors and creditors of any such corporation, if necessary to pay the debts of such corporation, and shall be enforceable only by appropriate proceedings by a receiver, assignee or trustee of such corporation acting under the orders of a court of competent jurisdiction."

It was held that these statutes affected the remedy only and applied to actions pending when the same were passed. (*Miners' Bank* v. *Snyder*, 100 Md. 57 ; *Murphy* v. *Wheatley*, Id. 358.) So that when this action was commenced it would not lie at the home of the insolvent corporation in its present form.

The law of New York on this subject is now to be found in sec. 54 of the Stock Corporation Law (L. 1890, ch. 564, § 57, as amd. L. 1892, ch. 688 and L. 1901, ch. 354) as follows : " Every holder of capital stock not fully paid, in any stock corporation, shall be personally liable to its creditors, to an amount equal to the amount unpaid on the stock held by him for debts of the corporation contracted while such stock was held by him. As to existing corporations the liability imposed by this section shall be in lieu of the liability imposed upon stockholders of any existing corporation, under any general or special law, (excepting laws relating to moneyed corporations, and corporations and associations for banking purposes), on account of any indebtedness hereafter contracted or any stock hereafter issued ; but nothing in this section contained shall create or increase any liability of stockholders of any existing

corporation under any general or special law. The stock-holders of every stock corporation shall jointly and severally be personally liable for all debts due and owing to any of its laborers.   *   *   * "

When the case of *Marshall* v. *Sherman* is read in the light of 'these statutes it would seem to be clear that this action was not, when commenced, maintainable either under the laws of New York or Maryland. In New York all liability for paid-up stock seems to have been swept away, whatever the form of the action, except as to moneyed corporations, and debts due to laborers, etc. In Maryland the liability is still retained, but must be asserted in a particular form of action.

It is argued, however, that the demurrer admits the foreign law as stated in the complaint, though clearly stated erroneously. The statement in the complaint is in this respect quite ambiguous. It is stated that " by virtue   *   *   * of the aforesaid laws of Maryland as defined, construed, administered and enforced by the courts of that State defendant is personally and individually indebted to the plaintiff to an amount equal to double the amount of stock at par," etc. It may be and probably is true that he is personally and individually liable, but it is not true that he is liable in the present form of action, and the complaint does not specifically or plainly allege that he is, and the demurrer does not admit any facts not well pleaded. But I think there is a more conclusive answer to this point. When a pleading contains allegations of foreign law they are not admitted by a demurrer. (*Finney* v. *Guy*, 189 U. S. 335.) This is but a corollary of another proposition which is equally well settled. Proof of foreign law by experts, though ever so clear and though uncontradicted, is not conclusive, since the court must examine and determine the law for itself, and a demurrer has no greater effect than uncontradicted proof. (*Laing* v. *Rigney*, 160 U. S. 531.) It is true that foreign law is ordinarily proved as a fact, still it is not in its essential nature a fact any more than domestic law is a fact.

What has been said is a sufficient answer to the plaintiff's contention that the case of *Howarth* v. *Angle* (162 N. Y. 179) is conclusive in its favor. That case does not depend upon the statute law of the two states as this case does. That action was by the receiver of an insolvent bank of the state of Washington, to recover the equal and ratable proportion of a deficiency claimed to be due from the defendant on account of his ownership of a certain number of shares of the capital stock of said bank. According to the decisions of the Washington courts the receiver had the title to the right of action and the amount of the deficiency had been definitely ascertained both by the courts of that state and of this. We simply enforced a promise valid at common law, because, as we declared " the defendant took stock in the Tacoma Bank subject to the burden of the law, which he impliedly agreed to bear, as he could not otherwise become a stockholder. (*Lowry* v. *Inman*, 46 N. Y. 119.) That burden is an asset vested in the receiver, and can be enforced in this state the same as a promissory note, not because the laws of Washington are in force here, but because the defendant voluntarily assented to the conditions upon which the bank was organized. * * * While the liability is, for convenience, frequently called statutory, because the statute, which is the constitution of the bank, affixed the obligation to the ownership of stock, it is in fact contractual and springs from an implied promise. There is no substantial difference between the liability for an unpaid balance on a stock subscription, which is an express contract to take stock and pay for it (*Stoddard* v. *Lum*, 159 N. Y. 265), and the liability for the unpaid deficiency of assets assumed by the act of becoming a member of the corporation through the purchase of stock, from which a contract is implied to perform the statutory conditions upon which stock may be owned. (*Richmond* v. *Irons*, 121 U. S. 27, 55.) * * * The express promise runs to the corporation and may be enforced by it, while the implied promise runs to the creditors, and may, according to the common law of the state where it was made, be enforced for the benefit of creditors

by a receiver of the corporation appointed to wind up its affairs."

The order appealed from should be reversed, with costs in all courts, and the demurrer sustained, with leave to the plaintiff to plead over on payment of costs.

Question certified answered in the negative.

Vann, Werner, Willard Bartlett and Hiscock, JJ., concur; Cullen, Ch. J., and Haight, J., concur in result.

Ordered accordingly.