(53 Misc. Rep. 80)

### KNICKERBOCKER TRUST CO. v. ISELIN.

**(Supreme Court, Special Term, New York County. February, 1907.)**

**1. CORPORATIONS—STOCKHOLDERS' LIABILITY—ENFORCEMENT.**
   The liability of a stockholder to the creditors of the corporation is not a contract, but a statutory liability, to be enforced primarily at the home of the insolvent corporation, and not in the state creating the obligation.

**2. SAME—PROCEDURE.**
   An action to enforce the liability of a stockholder of an insolvent Maryland corporation lies only by bill in equity filed against the corporation by one or more creditors.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 1054–1067.]

Action by the Knickerbocker Trust Company against Adrian Iselin, Jr. Demurrer to complaint sustained.

Davies, Stone & Auerbach, for plaintiff.
Whitridge, Butler & Rice, for defendant.

BLANCHARD, J. This is an action brought by the plaintiff, a creditor of the City Trust & Banking Company, a Maryland corporation, to enforce against the defendant, a stockholder of said corporation, a statutory liability alleged to be created under the law of Maryland in an amount equal to twice the par value of the defendant's stock in said corporation. The former complaint alleged that under the Maryland law "as defined, construed, administered, and enforced by the courts of that state," the defendant is liable as aforesaid. The defendant demurred to this complaint, and upon appeal the demurrer was sustained. Knickerbocker Trust Co. v. Iselin, 185 N. Y. 54, 77 N. E. 877. The plaintiff has accordingly amended its complaint, and has set forth in greater detail the Maryland statutes in question, and what the Maryland courts have construed said laws to mean, and has affirmatively pleaded that the defendant has not brought himself within the purview of such of said statutes as appear to provide a remedy in substitution of that relied upon by the plaintiff. The defendant demurs to this complaint on the ground that the court has no jurisdiction, and that there is a defect of parties plaintiff and defendant, and that the complaint does not state facts sufficient to constitute a cause of action.

The Court of Appeals, in its opinion above cited, sustains the demurrer to the former complaint upon two grounds: First, that according to the rule of Marshall v. Sherman, 148 N. Y. 9, 42 N. E. 419, 34 L. R. A. 757, 51 Am. St. Rep. 654, "the liability of stockholders in such cases is not a contract, but a statutory, liability, to be enforced primarily at the home of the insolvent corporation, and not in the state creating the obligation; and, second, that by reason of Maryland legislation in force "when this action was commenced it could not lie at the home of the insolvent corporation in its present form," but only by a "bill in equity in the nature of a creditors' bill filed against such corporation by one or more creditors, on behalf of themselves and of other creditors of the corporation who may come in and make themselves parties there-

to." It is not apparent that the present amended complaint meets either of these grounds of action. The contention of the plaintiff that the defendant has not brought himself within the purview of the statute that provides a remedy in substitution of that relied upon by the plaintiff is inconsistent with the language of the opinion of the Court of Appeals upon the former appeal, and, even if the decision upon the former appeal were not regarded as controlling, it seems that the policy of our courts, as shown in the decision in Marshall v. Sherman, supra, is decisive against the contention of the plaintiff. ·

Demurrer sustained.