(74 Misc. Rep. 579.)

## COULTER DRY GOODS CO. v. ROSENBAUM et al.

(Supreme Court, Trial Term, New York County.  December, 1911.)

1. CORPORATIONS (§ 215*)—FOREIGN CORPORATIONS—STOCKHOLDERS—LIABILITY FOR CORPORATE DEBTS.

The liability of stockholders to corporate creditors is not a common-law liability, but is regulated and created solely by statutory enactment.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 826–828, 845–848, 852, 854; Dec. Dig. § 215.*]

2. CORPORATIONS (§ 263*)—FOREIGN CORPORATIONS—STOCKHOLDERS—LIABILITY FOR CORPORATE DEBTS.

An action cannot be maintained in New York to enforce the statutory liability of a stockholder in an Arizona corporation under the laws of California for such proportion of the indebtedness of the corporation to creditors as the stock of the stockholder bears to the whole capital stock.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 831, 1065; Dec. Dig. § 263.*]

Action by the Coulter Dry Goods Company against Emma Rosenbaum and others to enforce liability of a stockholder in a foreign corporation.  Complaint dismissed.

Rollins & Rollins, for plaintiff.
Jay C. Guggenheimer, for defendants.

BENTON, J.  The defendants' testator, Sigmund D. Rosenbaum, was a stockholder in the Wentworth Hotel Company, a corporation organized under the laws of the state of Arizona.  By the terms of its certificate, it was authorized to do business in the state of California; and, also, it in terms prescribed that stockholders who had fully paid for their stock should be no further liable.  By the laws of California it is provided that stockholders are individually and personally liable to creditors for such proportion of the indebtedness of the company to such creditor as the stock of the stockholder bears to the whole capital stock of said company.  This is both a provision of the Constitution and the statute law.  The California Constitution also provides that no foreign corporation shall be allowed to transact business within the state on more favorable conditions than prescribed by law to domestic corporations.  Sigmund D. Rosenbaum was a resident of the state of New York.  The debt of the hotel company to plaintiff was established.  There is no dispute as to the amount of Rosenbaum's stock and its proportion to the capital of the corporation.  The right of plaintiff to maintain the action is challenged.

[1] The liability of stockholders to corporation creditors is not a common-law liability.  It is regulated and created, when it exists at all, by statutory enactment, and varies with the differing statutes of the different states that legislate thereon.

[2] The case of Marshall v. Sherman, 148 N. Y. 9, 42 N. E. 419, 34 L. R. A. 757, 51 Am. St. Rep. 654, is in point.  There, as here, the liability sought to be enforced was created by legislative enactment, but under a statute provision of Kansas.  The complaint set forth the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Constitution and statute creating and defining the stockholder's liability. It was demurred to.

The analogy between that case and this, so far as the constitutional and statutory provisions are in principle concerned, cannot be distinguished. The court, by O'Brien, J., at the outset, say:

"The question is thus presented whether a right of action unknown to the common law and existing only by force of the statutes of another state, can be enforced in the courts of this state, or outside the local jurisdiction where the corporation is domiciled. The defendant's relation to the corporation is governed by the laws of the state of its creation, and the general rule is that the statutory liability of stockholders in foreign corporations cannot be enforced, except at the domicile of the corporation when the law of the domicile provides the remedy"—citing Erickson v. Nesmith, 4 Allen (Mass.) 233.

Again, the judge says:

"But, without reference to the special and peculiar provisions of these statutes, we think that the general current of authority is to the effect that such enactments are to be enforced only within the jurisdiction of the sovereignty where they exist."

It is obvious that the above provisions are equally applicable whether the domicile of the Wentworth Hotel Company be deemed to be in Arizona or California, or both. Marshall v. Sherman, supra, is an express authority that no obligation of comity compels the enforcement in our courts of the statutes of California here invoked, and also that the relation between the plaintiff and Rosenbaum was not contractual, but an obligation solely created by statute and so made incident to the purchase of stock. To the same effect and involving the precise question here raised is Thomas v. Matthiessen (C. C.) 170 Fed. 362.

In Knickerbocker Trust Co. v. Iselin, 185 N. Y. 54, 56, 77 N. E. 877, 878 (113 Am. St. Rep. 863), O'Brien, J., writing the opinion, says:

"The question is whether upon these facts the action can be maintained in the courts of this state; it being an action at law by a single creditor against a single stockholder."

The case of Marshall v. Sherman, 148 N. Y. 9, 48 N. E. 419, 34 L. R. A. 757, 51 Am. St. Rep. 654, is to the effect that such an action cannot be maintained, and that case seems to me to be well supported by the more recent decisions of the Supreme Court of the United States. If I understand these decisions, they hold that the liability of stockholders in such cases is not a contract, but a statutory liability to be enforced, primarily, at the home of the insolvent corporation and in the state creating the obligation—citing McClain v. Rankin, 197 U. S. 154, 25 Sup. Ct. 410, 49 L. Ed. 702, 3 Ann. Cas. 500; Middleton Nat. Bank v. Toledo A. A. & N. M. R. Co., 197 U. S. 394, 25 Sup. Ct. 462, 49 L. Ed. 803; Hale v. Allinson, 138 U. S. 56, 23 Sup. Ct. 244, 47 L. Ed. 380, 185 N. Y. 54, 77 N. E. 877, 113 Am. St. Rep. 863, supra—and further hold such action not maintainable here under the laws of New York (Stock Corp. Law, § 54, as amended) defining liability of owners of paid-up stock in corporations.

The plaintiff brings the action under and relies upon Pinney v. Nelson, 183 U. S. 144, 22 Sup. Ct. 52, 46 L. Ed. 125. Pinney v. Nelson is distinguishable from the case at bar in that the defendants in that

case were at all times citizens and residents of California. True, that charter, like this, contemplated doing business in California; but there is a manifest difference between enforcing a statutory liability in the home state and elsewhere. It may well be that Rosenbaum's liability might be enforced in California, and a judgment therein would furnish a basis for an action here, but that situation is not before us.

The law of California created the liability and provides the remedy. The law of New York forbids the liability, in that it expressly declares the owner of full paid stock nonliable therein; and it furnished no remedy primarily by an action by a single corporation creditor against a single stockholder.

As I understand the authorities before cited, the action is not maintainable here, and plaintiff's complaint must be, and therefore is, dismissed.

Complaint dismissed.