WILLIAM E. HANNA, Respondent, *v.* LOUIS LICHTENHEIN and JAMES STERN, Partners Trading under the Firm Name of LICHTENHEIN & STERN, Appellants.

First Department, March 8, 1918.

Pleading — law of foreign State — interpretation thereof not admitted by demurrer — question of fact — question of law — judicial notice — assignment — validity governed by place of contract and situs of thing — rights of different assignees from same person — notice of assignment.

Although the law of a foreign State must be alleged and proved as a fact, the interpretation of such law is not a fact which is admitted by a demurrer.

Whether an act of the Legislature of a foreign State has been passed or has been amended or repealed is a question of fact which is beyond the ken of judicial notice, and hence must be specifically alleged and proved.

The construction placed on a foreign statute or the interpretation of a rule of common law presents a question of law.    Therefore, where the decisions of a foreign State are presented to the court on the argument of a demurrer, it is competent for said court to determine the question of law.

Where assignments of accounts receivable are made in New Jersey, which is also the State of the domicile of the creditor, the law of said State, it being the place of the contract and the situs of the thing, governs as to the validity of the assignments.

The so-called American rule that the assignee that is prior in time is prior in right is applicable in New Jersey, and is in harmony with the rule in this

State, that as between different assignees of a chose in action by express assignment from the same person, the one prior in point of time will be protected, although he has given no notice of such assignment to either the subsequent assignee or the debtor.

APPEAL by the defendants, Louis Lichtenhein and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of November, 1917, denying their motion to overrule a demurrer to certain defenses set up in the answer and sustaining said demurrer.

*Daniel P. Hays* of counsel [*Ralph Wolf* with him on the brief; *Hays, Hershfield & Wolf*, attorneys], for the appellants.

*William F. Allen* of counsel [*Everett, Clarke & Benedict*, attorneys], for the respondent.

PAGE, J.:

The complaint sets forth five similar causes of action to the effect that the Capital City Cap Company (hereinafter called the Cap Company), a New Jersey corporation, assigned to the Manufacturers' Finance Company, a Delaware corporation (hereinafter called the Finance Company) various accounts receivable, and that subsequent thereto the defendants collected these accounts, for which the present action is brought by the plaintiff to whom the claim was assigned prior to the commencement of this action.

The answer admitted the collection of sums of money from the various debtors referred to in the complaint and denied any knowledge or information in regard to the assignments and for a separate defense pleaded that the Cap Company subsequent to the alleged assignments had assigned these accounts to the defendants in New Jersey, and that they gave notice to the various debtors, and that the consideration for such assignments to the Finance Company was paid in the States of New Jersey, Maryland and Pennsylvania; that according to the laws of these States as between successive assignees the one who gave first notice to the debtor prevailed.

To this defense the plaintiff demurred and the demurrer was sustained by the court below on the following grounds: *First*, assuming that the law of the State of New Jersey is

applicable, it was not clear that the law of that State was as contended by the defendants, and *second,* that the validity of the assignments not depending on New Jersey statutes, it is a question of common law, and that in such case New York courts will follow their own interpretation of common law, being bound by New Jersey decisions only as to the interpretation of the statute law of that State.

Although it is well settled that the law of a foreign State is to be alleged and proved as a fact, the interpretation of such law is not a fact that is admitted by a demurrer. (*Knickerbocker Trust Co.* v. *Iselin,* 185 N. Y. 54, 58; *Finney* v. *Guy,* 189 U. S. 335, 343.) The court is not concluded by the allegations of the pleading; although demurred to, any more than it would be by the uncontradicted testimony of an expert witness, or the introduction in evidence of decisions of the courts of the State. It is the duty of the court by an independent examination of the authorities of the State to determine what the law is, and it is not bound to accept the testimony of the expert nor the cases cited as controlling. From these facts there arises a question of law that the court must determine. This is peculiarly the case where the question presented is one of common rather than statute law. Whether an act of the Legislature has been passed, or has been amended or repealed, is a question of fact which is beyond the ken of judicial notice and hence must be specifically alleged and proved. The construction placed on the statute or the interpretation of a rule of common law presents a question of law. Therefore, where the decisions of that State are presented to the court in the argument of the demurrer, it is competent for the court to determine the question of law. It is not necessary to go through the idle formality of having the same decisions presented to it in the shape of proof. Therefore, the first question presented for determination is: What is the common-law rule in New Jersey as to priority among assignees of a chose in action from the same person? The decisions of the courts in the different jurisdictions which have adopted and follow the common law are sharply divided on this question, between what is known as the English rule and what is called the American rule.

The English rule is that he will have preference who first gives notice to the debtor, even if he be a subsequent assignee, providing at the time of taking it he had no notice of the prior assignment.

The reason for the rule is that in the case of a chose in action the assignee must do everything toward having possession of which the subject admits; he must do that which is tantamount to obtaining possession by placing every person who has an equitable or legal interest in the matter under obligation to treat it as his property. For this purpose he must give legal notice to the holder of the fund; in the case of a debt notice to the debtor is tantamount to possession. If he omits to give notice, he is guilty of the same degree and species of neglect as one who leaves a personal chattel to which he has acquired title in the actual possession and under the absolute control of another. This rule is followed in the English and Scotch courts, the United States courts and in at least thirteen of the States of the Union.

The American rule, as it has been called, is that the assignee that is prior in time is prior in right; that the same rules apply to the sale of a chose in action as in other sales of personal property, and if the seller has sold the thing to one person, and, therefore, has no title to pass to a second, the latter takes nothing by his purchase. This rule has been adopted by at least fourteen States.

The assignments were made in New Jersey, which was also the State of the domicile of the creditor. Therefore, the law of New Jersey, it being the place of the contract and the situs of the thing, would govern. It seems to be well settled in that State that the American rule prevails. In *Jenkinson* v. *New York Finance Company* (79 N. J. Eq. 247, 259) the court said: " While there is some difference of opinion, the clear weight of authority is, I think, that the prior assignment, so far as the assignor and such adverse claimants under him are concerned, is complete and effective without notice, and the claimant by the subsequent assignment, whose estate is necessarily, by the circumstances of its creation, only that of assignor, is also subject to the prior assignment. This is the rule settled by our courts (*Board of Education* v. *Duparquet*

(Vice Chancellor Pitney, 1892), 50 N. J. Eq. 234, 242, approved in *Miller* v. *Stockton* (Court of Errors and Appeals, 1900), 64 N. J. Law, 614, 622; *Cogan* v. *Conover Manufacturing Co.* (Court of Errors and Appeals, 1905), 69 N. J. Eq. 809)." It should be noticed that it was held in this case, as to assignments of legacies or funds in the possession of a trustee, that a payment by the trustee or executor to a subsequent assignee, without notice of the prior assignment, protects the trustee or executor. That question, however, does not enter into the consideration of the instant case. (See, also, *Germania Building & Loan Association* v. *B. Fraenkel Realty Co.*, 82 N. J. Eq. 49, 60; *Clift* v. *Scheutz*, 83 N. J. Eq. 442, 444.) Thus the rule applied in New Jersey is in harmony with our rule, for " The law is well settled in this State that as between different assignees of a chose in action by express assignment from the same person, the one prior in point of time will be protected, although he has given no notice of such assignment to either the subsequent assignee or the debtor." (*Niles* v. *Mathusa*, 162 N. Y. 546, 552.) We are, therefore, relieved from the necessity of determining what course should be followed if the interpretation of this rule of common law had been different in New Jersey from that in this State, which, owing to the diversity of opinion in the various jurisdictions where the common law prevails, and the conflicting decisions of our own courts as to the rule of law applicable where our construction differs from the *lex loci contractus* and the *lex loci sitæ*, would present some difficulty. (See *Faulkner* v. *Hart*, 82 N. Y. 413; *St. Nicholas Bank* v. *State Nat. Bank*, 128 id. 26; *Teel* v. *Yost*, Id. 387, 394; *Bath Gas Light Co.* v. *Claffy*, 151 id. 24; *Bath Gas Light Co.* v. *Rowland*, 84 App. Div. 563; affd., on opinion below, 178 N. Y. 631; *Grand* v. *Livingston*, 4 App. Div. 589; affd., on opinion below, 158 N. Y. 688; *Willcox* v. *Erie R. R. Co.*, 162 App. Div. 94.)

The defense of want of notice is insufficient in law, and the demurrer thereto was properly sustained. The order should, therefore, be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., SCOTT, DOWLING and DAVIS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.