THE EASTERN STEEL COMPANY, Appellant, *v.* GLOBE INDEMNITY COMPANY, NEW ENGLAND CASUALTY COMPANY and SOUTHERN SURETY COMPANY, Respondents.

First Department, January 17, 1919.

Guaranty and suretyship — liability of surety upon bond of contractor to municipality to materialmen for materials furnished to contractor — estoppel — appeal — leave to appeal to Court of Appeals.

A bond, running to a municipality conditioned that a contractor would " well and truly and in a good, sufficient and workmanlike manner perform the work mentioned in the aforesaid contract, in accordance with the terms and provisions therein stipulated, and shall promptly make payment of the sums due to all persons supplying labor and materials in the prosecution of the work provided in the said contract," does not render the sureties liable to materialmen for materials furnished to the contractor, the city not being under any duty or obligation to them.

There having been no representation made that the sureties would pay to the materialmen in reliance upon which the materials were furnished, said sureties cannot be held liable on the theory of estoppel.

Since the determination of this case involves the liability of sureties upon contracts for municipal improvements, and such cases are liable to frequently arise, the plaintiff should be allowed to appeal to the Court of Appeals upon the ground that a question of law is involved which ought to be reviewed by that court.

Motion by the plaintiff, The Eastern Steel Company, for leave to appeal to the Court of Appeals.

*John J. Cushing* of counsel, for the plaintiff, for the motion.

*Daniel Combs* of counsel, for the defendant Globe Indemnity Company, opposed.

*James I. Cuff* of counsel, for the defendant New England Casualty Company, opposed.

Per Curiam:

The action was brought by a corporation that furnishes materials to a contractor for certain municipal work to recover from the defendant surety companies who were sureties on the contractor's bond. The bond ran to the city of New York and was conditioned that the contractor would " well and truly and in a good, sufficient and workmanlike manner perform the work mentioned in the aforesaid contract, in accordance with the terms and provisions therein stipulated, and shall promptly make payment of the sums due to all persons supplying labor and materials in the prosecution of the work provided in the said contract."

On the hearing of the appeal the plaintiff argued, as the fact that this bond was to be required was specified in the advertisement for bids, and as it had knowledge of that fact when it furnished the materials, the defendants are liable to it for the unpaid bills for materials furnished: *First,* because the bond was made for its benefit; *second,* on some theory of estoppel.

*First.* The bond does not purport on its face to be given for the benefit of the laborers or materialmen, but is given to the city of New York and is exacted as security against liens arising out of the prosecution of the work. In order for this bond to be enforcible against the surety it would be necessary for the city to be under some duty or obligation to the materialmen. In other words, there would have to be some privity between the promisee and the party to be benefited, and some obligation or duty owing from the former to the latter which would give him a legal or equitable claim to the benefit of the promise. (*Vrooman* v. *Turner,* 69 N. Y.

280, 283; *Seaver* v. *Ransom*, 224 id. 233.) In this case, in our opinion, there was no such right in the materialmen against the city.

*Second.* We also were of opinion that there was no liability on the theory of estoppel. There was no representation made that the bondsmen would pay to the materialmen, in reliance upon which the materials were furnished, so that the bondsmen would become liable on the theory of estoppel. Had the city been compelled to pay the materialmen by reason of liens or otherwise, it could recover against the surety, for the reason that the contractor had failed in this particular to perform his contract with the city. This was the full measure of their undertaking; that is, that the contractor would perform his contract with the city. They did not undertake that the contractor would pay the materialmen, and in default thereof that they would pay them, but that they would hold the city harmless from such claims. There was, therefore, no inducement in the undertaking to the materialmen to furnish materials upon which they had either the legal or equitable right to rely.

We affirmed the judgment, without opinion. (186 App. Div. 892.)

The plaintiff now moves for leave to appeal to the Court of Appeals. Inasmuch as the determination of this case involves the liability of sureties upon contracts for municipal improvements, and such cases are liable to frequently arise, we are of opinion that the plaintiff should be allowed to appeal to the Court of Appeals, upon the ground that a question of law is involved which ought to be reviewed by that court.

The motion should be granted.

Present — CLARKE, P. J., LAUGHLIN, PAGE, SHEARN and MERRELL, JJ.

Motion granted.