JOHNSON SERVICE COMPANY, INC., Appellant, Respondent, *v.* E. H. MONIN, INC., and Others, Respondents, Appellants.

Fourth Department, November 7, 1929.

*W. J. Wetherbee*, for the plaintiff.

*A. Bruce Hopkins*, for the defendant Board of Education of the City of Lockport.

*Joseph A. Benzinger*, for the defendant E. H. Monin, Inc.

*Fritz Fernow*, for the defendant Standard Accident Insurance Company.

*O. Clyde Joslin*, for the defendant Buckeye Blower Company.

*Montford C. Holley*, for the defendants Earl D. Crane and Arthur G. Leary.

TAYLOR, J. All parties have appealed from various portions of the judgment in this action, which is for the foreclosure of a mechanic's lien. The main contract was for the building of two schools, and was executed between E. H. Monin, Inc., as the contractor, and the board of education of the city of Lockport as owner. The defendant Buckeye Blower Company and the

defendants Crose and Leary are all subcontractors. Defendant Standard Accident Insurance Company is surety on the bond given by the contractor to the board of education for the faithful performance of the contract. The bond contained this recital: "And [E. H. Monin, Inc.] shall well and truly pay for all material used and services rendered in the execution and completion of said contract * * * and will pay for all claims for material and labor."

The defendant Buckeye Blower Company, in its notice of lien which was filed, stated that it was a foreign corporation organized under the laws of Ohio, with principal place of business at Columbus, O. The record shows that the Buckeye Company was not a corporation *de jure* or *de facto*. "Buckeye Blower Company" was simply a name under which the Columbus Heating and Ventilating Company sold goods. The Buckeye Company filed incorporation papers with the Ohio Secretary of State five or six years before the instant business transaction, but did nothing further toward incorporating until January, 1926, long after the lien was filed. No user by the Buckeye Company was proved nor any set of circumstances under which it can be held that that company was a corporation *de facto*. Therefore, its lien is not valid under section 12 of the Lien Law (added by Laws of 1911, chap. 873, as amd. by Laws of 1916, chap. 507), which requires that "The notice shall state the name and residence of the lienor * * *. If the lienor is * * * a corporation, the notice shall state the business address of such * * * corporation, * * * and if a foreign corporation, its principal place of business within the State."

The notices of lien of the other parties were duly filed, and were in legal form and created valid liens under the Lien Law. All materials have been furnished and the work has been performed.

We agree with defendant Standard Accident Insurance Company that it is not liable to any of the lienors for payment of possible deficiencies, under the condition in its bond which has been quoted. *Eastern Steel Co.* v. *Globe Indemnity Co.* (185 App. Div. 695; 227 N. Y. 586) and *Buffalo Cement Co.* v. *McNaughton* (90 Hun, 74; affd., 156 N. Y. 702) are direct authorities for this conclusion.

At the request of defendant Standard Accident Insurance Company the learned official referee made the following finding:

"1. That there is due and owing from the Board of Education of the City of Lockport to E. H. Monin, Inc., under contract for the public improvement described in the findings of fact the sum of $10,920.17 with interest from January 2, 1926, subject to the valid liens filed against the fund and applicable to the payment thereof."

In the "Decision" filed there was no finding of fact or conclusion of law on this subject, and the judgment as entered provided for

interest from September 26, 1928. The above-quoted finding as made is in the record, and two of the defendants have appealed from the portion of the judgment covering this topic. Our conclusion is that the quoted finding as to interest was correct, and that the judgment and findings should be modified accordingly. (*Bremer* v. *Manhattan R. Co.*, 191 N. Y. 333; *Gennert* v. *Butterick Pub. Co., Ltd.*, 133 App. Div. 86, 87; *Brewster* v. *Brewster Co.*, 145 id. 812, 814.)

The judgment appealed from should be modified in the respects indicated in this opinion, and as modified affirmed. Certain findings of fact and conclusions of law reversed or modified, and new findings and conclusions made.

We award one bill of costs in favor of plaintiff and defendant Crose & Leary against defendant board of education; one bill of costs in favor of defendant Standard Accident Insurance Company against plaintiff, defendant, Crose & Leary and defendant Buckeye Blower Company; and one bill of costs to the board of education and defendant Crose & Leary against the defendant Buckeye Blower Company.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment modified in accordance with the opinion, and as modified affirmed, with costs as directed in the opinion.