JOHNSON SERVICE COMPANY, INC., Respondent, v. E. H. MONIN, INC., et al., Respondents, and BOARD OF EDUCATION OF THE CITY OF LOCKPORT et al., Appellants.

(Argued March 27, 1930; decided May 6, 1930.)

*A. Bruce Hopkins* for Board of Education of the City of Lockport, appellant. The Appellate Division erred in deciding that the defendant Standard Accident Insurance Company was not liable to the lienors for deficiencies. (*Eastern Steel Co.* v. *Globe Indemnity Co.*, 185 App. Div. 695; 227 N. Y. 586; *Buffalo Cement Co.* v. *McNaughton*, 90 Hun, 74; 156 N. Y. 702; *Matter of International R. Co.* v. *Rann*, 224 N. Y. 83; *Allen* v. *Allen*, 246 N. Y. 45; *Seaver* v. *Ransom*, 224 N. Y. 233; *Wilson* v. *Whitmore*, 92 Hun, 466; 157 N. Y. 693.)

*O. Clyde Joslin* for Buckeye Blower Company, appellant. The lien filed by the Buckeye Blower Company was a good, valid and subsisting lien on the fund found due to the contractor. (*Methodist Episcopal Union Church* v. *Pickett*, 19 N. Y. 482; *Eaton* v. *Aspinwall*, 19 N. Y. 119; *United States Bank* v. *Stearns*, 15 Wend. 314; *Bank of Toledo* v. *International Bank*, 21 N. Y. 542; *Buffalo & Allegany R. R. Co.* v. *Cary*, 26 N. Y. 75; *U. S. V. Co.* v. *Schlegel*, 143 N. Y. 537; *Lamming* v. *Galusha*, 81 Hun, 247.) The Standard Accident Insurance Com-

pany is liable to the Buckeye Blower Company for the payment of its claim for materials. (*Wilson* v. *Whitmore*, 92 Hun, 466; 157 N. Y. 693; *Maltby & Sons* v. *Wade*, 131 Misc. Rep. 143; *Eastern Steel Co.* v. *Globe Indemnity Co.*, 185 App. Div. 695; 227 N. Y. 586; *Buffalo Cement Co.* v. *McNaughton*, 90 Hun, 74; 156 N. Y. 702; *Richard-Con* v. *County of Steuben*, 226 N. Y. 13; *Fosmire* v. *National surety Co.*, 229 N. Y. 44; *Seaver* v. *Ransom*, 224 N. Y. 233; *City of New York* v. *Sonnborn*, 113 N. Y. 423; *Sity of New York* v. *Paoli*, 202 N. Y. 18.)

*W. J. Wetherbee* for plaintiff-respondent.

*Joseph Benzinger* for E. H. Monin, Inc., defendant-respondent.

*Fritz Fernow* for Standard Accident Insurance Company, defendant-respondent. The Standard Accident Insurance Company is not liable to the Buckeye Blower Company for the payment of its claim for materials. (*Wilson* v. *Whitmore*, 92 Hun, 466; 157 N. Y. 693; *Fosmire* v. *National Surety Co.*, 229 N. Y. 44; *Vrooman* v. *Turner*, 69 N. Y. 280; *Townsend* v. *Rackhan*, 143 N. Y. 516; *Seaver* v. *Ransom*, 224 N. Y. 233; *Rigney* v. *New York Central & H. R. R. R. Co.*, 217 N. Y. 34; *Strassler* v. *Illinois Surety Co.*, 174 App. Div. 424; *Lyth* v. *Hingston*, 14 App. Div. 12; *Laudani* v. *Vulcan Engineering Co.*, 70 Misc. Rep. 385; *Eastern Steel Co.* v. *Globe Indemnity Co.*, 185 App. Div. 695; 227 N. Y. 586; *Village of Argyle* v. *Plunkett*, 226 N. Y. 306; *Buffalo Cement Co.* v. *McNaughton*, 90 Hun, 74; 156 N. Y. 702; 157 N. Y. 703.)

*Montford C. Holley* for Earl D. Crose et al., defendants-respondents.

CARDOZO, Ch. J. The action is one for the foreclosure of mechanics' liens.

E. H. Monin, Incorporated, made a contract with the

Board of Education of the city of Lockport to supply the heating and ventilating apparatus for two of the city schools.

Under the authority of the Education Law (§ 875, subd. 8), the Board exacted from the contractor the security of a bond. This bond which was executed by the Monin Company as principal and by the Standard Accident Insurance Company as surety, was conditioned to the effect that the contractor would complete the work in accordance with the contract, and in addition that it would well and truly pay for all materials used and services rendered in connection therewith.

At the time of the completion of the work, a balance of $10,920.17 was owing to the contractor. Against this fund subcontractors had filed with the Board three notices of lien. One, filed by the plaintiff Johnson Service Company, Inc., was for $2,300; a second, filed by the defendants Crose and Leary, was for $1,763.73; and a third, in the name of the Buckeye Blower Company, was for $5,951.59, a total of $10,015.32. All three liens were upheld by the trial court. In the Appellate Division the lien in favor of the Buckeye Blower Company was disallowed on the ground that there had been an omission in the notice to state the name of the lienor and hence a failure to comply with the requirements of the statute. The disallowance of this lien left a surplus applicable to the contract in the treasury of the Board after the payment of the valid liens and its own charges and expenses. This surplus, amounting with accrued interest to $7,602.92, the Appellate Division ordered the Board of Education to pay to E. H. Monin, Incorporated, the general contractor. The Buckeye Blower Company was given a personal judgment against the contractor for $7,434.21, the value with interest of its material and labor. It was denied any relief against the surety on the bond.

Our decision in *Fosmire* v. *National Surety Co.* (229

N. Y. 44) is authority for the holding that under a bond so conditioned, the surety is not liable to materialmen and laborers suing in their own names in actions at law, since the primary purpose of the bond is the protection of the State or the municipal corporation, and the protection of others is incidental and subordinate. We said that a different holding might cause the security to be exhausted by successive actions for the benefit of private claimants, leaving nothing available to State or municipality in the event of damage to itself. " The State did not intend to make the employees of its contractors the beneficiaries of a cause of action to be enforced in hostility to its own " (*Fosmire* v. *National Surety Co.*, *supra*, pp. 48, 49). We were careful to point out, however, that the conclusion might be different if the State or the municipality were before the court as plaintiff, asserting a cause of action as a trustee of an express trust for the benefit of subcontractors, in which event the surplus of the recovery, after payment of its own charges and expenses, would be held to their use. " What the defendant's liability would be if the action were prosecuted by the People, we need not now determine " (*Fosmire* v. *National Surety Co.*, *supra*, at p. 49).

The question thus reserved is up for a decision now. In the case at hand, the materialmen and laborers are not seeking a recovery upon the bond in competition with the municipal corporation that exacted the security. The municipal corporation is itself a party to the action, and joins in the prayer that the surety be made to pay in accordance with its promise. Our judgment in *Croker* v. *New York Trust Co.* (245 N. Y. 17, 18, 20) is authority for the holding that the promisee has a standing to maintain a suit in equity for the enforcement of the promise, though the fund when collected will be held for the benefit of others. Two of the subcontractors do not need the security of the bond, for they have liens upon the balance due to the contractor, and are thus sufficiently

protected. The other subcontractor, the Buckeye Blower Company, does need the security, for because of its defective notice it is without the benefit of a lien. Even so, its claim is within the condition of the bond, for it has supplied material and labor that have gone into the building. For a valuable consideration the contractor and the surety have covenanted with the municipality that payment shall be made to materialmen and laborers whether protected by a lien or not. If these are not paid, the promisee intervenes and collects for their use the payment that is due.

In thus holding the surety to the performance of its covenant, we do not leave it helpless, without means of reimbursement. What it pays to the municipality will be subject to a trust for the benefit of the Buckeye Blower Company, and indeed for the avoidance of circuity may be paid to that company directly. In return it will have the right to be subrogated in an equivalent amount to the right of its own principal, the general contractor, to collect from the municipality the balance due under the contract (*Henningsen* v. *United States F. & G. Co.*, 208 U. S. 404; *Lacy* v. *Maryland Cas. Co.*, 32 Fed. Rep. [2d] 48). In the end, the materialman will have reimbursement from the surety, and the surety from the city. The loss will fall on the contractor who in equity should bear it.

Other criticisms of the judgment have been considered and are found to be untenable.

The judgment should be modified in accordance with this opinion and as modified affirmed, with costs to the plaintiff and the defendants Crose and Leary against the Board of Education, city of Lockport, with costs to the Buckeye Blower Company against the Standard Accident Insurance Company, and without costs to other parties.

CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur; POUND, J., not voting.

Judgment accordingly.