ADIRONDACK CORE AND PLUG COMPANY, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY and Others, Defendants, Impleaded with MASSACHUSETTS BONDING AND INSURANCE COMPANY, Appellant.*

Fourth Department, May 17, 1933.

*Murphy, Mawhinney & Young* [*Philip T. Young* of counsel], for the appellant.

*Norris, Smith & Carnell* [*Fred L. Smith* of counsel], for the respondent.

THOMPSON, J. This is an action for foreclosure of a mechanic's lien, filed against moneys held by the Comptroller, applicable to the payment of a contract for public work, under sections 2 and 5 of the Lien Law, which apply to the filing of liens for labor and material rendered for the construction of a public improvement upon public moneys applicable to the construction of such improvement.

---

* Revg. 144 Misc. 558.

The contractor to whom the materials, for which the lien sought to be foreclosed, were furnished, was defendant Abbott-Connolly Construction Company, and the contractee was the defendant New York Central Railroad Company. The contract was for a grade crossing elimination. Plaintiff, respondent, has recovered a judgment against defendant, appellant, for $3,840.70, and its lien against the moneys above mentioned has been sustained in this amount. The reduction of a grade crossing is public work.

" The work of eliminating railroad crossings at grade from the highways of the State is, doubtless, public work. It is a ' public undertaking in behalf of the * * * people of this State * * *.' (*Transit Commission* v. *Long Island R. R. Co.*, 253 N. Y. 345, 350.) " (*Long Island R. R. Co.* v. *Dept. of Labor*, 256 id. 498, 508.) But in order that one furnishing labor or materials upon public work shall have a valid lien therefor, the labor and materials must have been furnished pursuant to a contract " with the State or a municipal corporation." Here the contract was not made with the State or a municipal corporation, but with the New York Central Railroad Company. The New York Central Railroad Company is neither a municipal corporation, a civil division of the State, nor an agent of the State.

" The term ' public works ' was limited in the statute to work performed by, or under a contract with, ' the State or a municipal corporation or a commission appointed pursuant to law,' and of course this court used that term in the same sense." (*Long Island R. R. Co.* v. *Dept. of Labor, supra,* 505.)

It seems clear that under the facts in this case plaintiff did not have a valid lien for the material furnished to the contractor, the contract in question having been made with the defendant New York Central Railroad Company and not with the State or a municipal corporation. The lien filed, or attempted to be filed, is consequently void.

But plaintiff claims that defendant is liable to it under its faithful performance bond, independent of the lien it has attempted to file, and thus far it has succeeded in its contention. The contract provides that " the contractor shall be held responsible for the prompt payment of all labor, supplies and material furnished." The condition of the bond is that the contractor " shall duly perform and observe all the stipulations and agreements contained in the said contract." There is no provision in the bond insuring the prompt payment to all persons or parties furnishing labor or materials required or used in the prosecution of the work. The bond was given by the defendant contractor, principal, and defendant bond company, surety, to defendant New York Central Railroad Com-

pany by whom the grade crossing elimination was being done. Upon default of the contractor, the bonding company took over the contract and completed it, in pursuance of its obligation. The materials, for the value of which plaintiff has a judgment against defendant bonding company, were furnished to the contractor and had been used in the work of the contract before default. It is not claimed that there is any liability on the part of the defendant railroad company for the materials furnished. In such case no recovery can be had on the bond, there being neither privity of contract between plaintiff materialman and defendant railroad, nor " obligation or duty owing from the former to the latter which would give him [it] a legal or equitable claim to the benefit of the promise." (*Eastern Steel Co.* v. *Globe Indemnity Co.*, 185 App. Div. 695, 696; see, also, S. C., 186 id. 892; affd., 227 N. Y. 586.) The cause of action is in favor of the railroad company solely. The bond, read in its entirety, is inconsistent with an intention that the plaintiff and others in like position should have the right to sue upon it (*Fosmire* v. *National Surety Co.*, 229 N. Y. 44, 47), nor can the judgment be sustained under the doctrine of *Johnson Service Co.* v. *Monin, Inc.* (253 N. Y. 417). The railroad company can in no sense be said to be the representative of the People in this action. It follows that it is not " a trustee of an express trust for the benefit of subcontractors, in which event the surplus of the recovery, after payment of its own charges and expenses, would be held to their use." (*Johnson Service Co.* v. *Monin, Inc., supra*, 421.) If we should hold that while the railroad company is not a municipality it occupies so similar a position to one in this case that it should be deemed to be vested and charged with the powers and duties of a trustee of an " express trust for the benefit of subcontractors," we would still be compelled to hold on this record that the judgment is unauthorized, the railroad company having omitted to join in the prayer of plaintiff's complaint that the surety on the bond be made to pay according to its contract, and there being an absence of facts essential to the granting of such relief.

Holding these views, we find it unnecessary to consider other questions raised on the appeal. The judgment should be reversed, and the complaint dismissed, with costs.

All concur.

Judgment reversed on the law, and complaint dismissed, with costs.