In the Matter of the Application of JOHN BEDINI, Respondent, for a Mandamus Order against JOHN B. HODGES, as Deputy Commissioner of the Department of State, Division of State Athletic Commission, and Others, Comprising the State Athletic Commission, Appellants.

Fourth Department, May 17, 1933.

*John J. Bennett, Jr., Attorney-General [William H. Tompkins, Assistant Attorney-General, of counsel], for the appellants.*

*Relin & Relin [Nathan Relin of counsel], for the respondent.*

THOMPSON, J. The petitioner is a professional boxer. He alleges that he was employed by the Flower City Athletic Club, Inc., to participate in a boxing match for which he was to be paid $75; that he carried out his part of the agreement but was not paid; and that the athletic club has given a bond in the amount of $5,000 " conditioned for the faithful performance by the said corporation of the provisions of the boxing and sparring laws of the State of New York " to the State Athletic Commission, which he asserts is liable for the payment of his claim. The bond given provides: " Now, therefore, the condition of this obligation is such that if the said principal will, upon demand of the State Athletic Commission, immediately deposit with the said State Athletic Commission the amount of any forfeit or other indebtedness that may be determined by said State Athletic Commission to be applicable to any boxing, sparring, or wrestling match or exhibition conducted by the said principal, and if said principal will, upon the demand of the said State Athletic Commission pay and discharge any and all indebtedness or liability by said principal to accrue, or become due or owing to any person, firm or corporation by reason of any matter or thing whatsoever during the period of its license aforesaid, then this obligation to be void, otherwise to remain in full force and effect."

The petitioner further alleges that he has made demand upon the appellant John B. Hodges, Deputy Commissioner, " for a decision which, in substance, should state that the Flower City Athletic Club, Inc., is indebted to your petitioner in the sum of seventy-five dollars ($75.00), and for a direction to the National Surety Company, or its agents," to pay said sum to the petitioner, and he asks that a mandamus order be issued requiring the appellants to make such a decision, and give direction to the surety to pay. The Special Term has granted the mandamus order prayed for, and the respondents have appealed.

The order must be reversed. The petitioner has failed to show that he has a clear legal right to such relief. While the bond alleged in the petition is conditioned, among other things, upon the payment by the principal of any and all indebtedness to accrue or to become due or owing to any person during the period of its license upon the demand of the State Athletic Commission, there is no requirement in the law for such a bond. Section 18 of the Boxing Law (Laws of 1920, chap. 912) provides that before a

license shall be granted a bond in the sum of $5,000, conditioned for the "faithful performance * * * of the provisions of this act and the rules and regulations of the Commission," shall be filed with the State Comptroller. There is no provision of the law requiring that such a bond shall be conditioned upon the payment by the principal of its obligations or that any other bond be given. Such being the case, there can be no recovery from the surety upon this claim, the provision of the bond upon which petitioner relies being mere surplusage and no liability attaching to it.

A right of action against a surety on a bond given in pursuance of a statute is created by the bond and the statute under which it is given, and, unless its covenant of suretyship amounts to "'a good common-law agreement, enforceable according to its terms'" (*Sklar & Cohen Woodworking Co., Inc.,* v. *Owen,* 177 App. Div. 796, 797), which is not the case here, it must be enforced pursuant to the terms and conditions of the statute and not otherwise. (*People* v. *Metropolitan Surety Co.,* 211 N. Y. 107, 114.)

The order appealed from should be reversed, and the petition dismissed, with costs.

All concur.

Order reversed on the law and proceeding dismissed, with ten dollars costs and disbursements.