EDWARD McCLARE, Doing Business under the Name and Style of " BROWN PRINTING COMPANY," Appellant, *v.* MASSACHUSETTS BONDING AND INSURANCE COMPANY, Respondent.*

Third Department, July 6, 1934.

*Edward G. Dillon,* for the appellant.

*Joseph A. Murphy* [*George H. Rothlauf* with him on the brief], for the respondent.

RHODES, J.  Plaintiff's amended complaint has been dismissed for insufficiency.  By it he seeks to recover under a bond executed under seal by the Collar City Athletic Club, Inc., of the city of Troy, N. Y., as principal, and by the defendant as surety, to the State Athletic Commission of the State of New York.

From said complaint it appears that the club filed the requisite statutory bond for a license under the provisions of chapter 912 of the Laws of 1920, as amended by chapter 714 of the Laws of 1921, being entitled: "An act allowing and regulating boxing, sparring and wrestling matches, and establishing a state athletic commission, and making an appropriation therefor."  A license was then

---

* Motion to dismiss appeal denied, 266 N. Y. ——.

issued to the club and thereupon a further bond under seal, being the bond involved herein, executed by the club as principal and the defendant as surety, was filed with the Commission.

Plaintiff conducts a general printing business in the city of Troy, N. Y., and during the period covered by the license and bond the club became indebted to plaintiff for services and materials incident to the furnishing of admission tickets, advertising cards, circulars, etc., in connection with exhibitions conducted by the club. It is alleged that the plaintiff furnished said services and materials having knowledge of and in reliance upon said bond; that the club has failed to pay plaintiff therefor; that the Athletic Commission has determined the amount owing by the club to plaintiff thereon and has made demand upon the club to pay the same; that plaintiff has procured a judgment therefor against the club, no part of which has been paid, and that the defendant herein has refused to comply with the terms and conditions of said bond.

So far as material, the terms of the bond are as follows:

" WHEREAS, the said principal has made application to the State Athletic Commission to dispense with the posting of forfeits with the State Athletic Commission applicable to boxing, sparring or wrestling matches or exhibitions, authorized to be conducted by the said principal, under the rules and regulations of the said State Athletic Commission by the filing of these presents and said application having been granted,

" Now, therefore, the condition of this obligation is such that if the said principal will, upon demand of the State Athletic Commission, immediately deposit with the said State Athletic Commission the amount of any forfeit or other indebtedness that may be determined by said State Athletic Commission to be applicable to any boxing, sparring or wrestling match or exhibition conducted by the said principal, and if said principal will, upon the demand of the said State Athletic Commission pay and discharge any and all indebtedness or liability by said principal due or owing to any person, firm or corporation by reason of any matter or thing arising out of any sparring or wrestling match or exhibition conducted by the said principal during the period of its license aforesaid, then this obligation to be void, otherwise to remain in full force and effect."

The instrument is quite similar in its purport to the bond under consideration in *Matter of Bedini* v. *Hodges* (238 App. Div. 530). In that case a boxer was engaged by an athletic club to participate in a boxing match and sought mandamus in order to compel the Athletic Commission to determine the amount due him from the club, and to direct payment therefor. Mandamus was refused on the ground that the petitioner had no clear legal right thereto,

the opinion of the court stating that there is no provision in the law requiring a bond conditioned upon the payment by the principal of its obligations.

The reasoning of that case is applicable here. It is a correct interpretation of the statute and an accurate statement of the principles of law involved.

The bond required by the statute is to be conditioned for the faithful performance by the licensees of the provisions of the act and the rules and regulations of the Commission. Such bond has been given in addition to the bond in suit. The Commission has no power other than that conferred by the statute. (See *Davis* v. *Rochester Can Co.*, 220 App. Div. 487; affd., 247 N. Y. 521; *Post* v. *Doremus*, 60 id. 371; *Matter of Bedini* v. *Hodges, supra; Mittnacht* v. *Kellermann*, 105 N. Y. 461, and cases cited therein.) Hence it had no power to require a bond containing the additional condition here in question, and not authorized by the statute.

In order to recover, plaintiff must bring himself within the principles set forth in the familiar case of *Lawrence* v. *Fox* (20 N. Y. 268). He is a third party seeking to recover upon a promise made to another for his, plaintiff's, benefit.

In *Vrooman* v. *Turner* (69 N. Y. 280) it was said: " A mere stranger can not intervene and claim by action the benefit of a contract between other parties. There must be either a new consideration or some prior right or claim against one of the contracting parties by which he has a legal interest in the performance of the agreement. * * * Judges have differed as to the principle upon which *Lawrence* v. *Fox* and kindred cases rest, but in every case in which an action has been sustained there has been a debt or duty owing by the promisee to the party claiming to sue upon the promise;" further, that in every case " there must be a legal right, founded upon some obligation of the promisee, in the third party, to adopt and claim the promise as made for his benefit."

In *Garnsey* v. *Rogers* (47 N. Y. 233) the court said: " All that the case of *Lawrence* v. *Fox* decides is, that where one person loans money to another, upon his promise to pay it to a third party to whom the party so lending the money is indebted, the contract thus made by the lender is made for the benefit of his creditor, and the latter can maintain an action upon it without proving an express promise to himself from the party receiving the money."

The following excerpt is from *Embler* v. *Hartford Steam Boiler Ins. Co.* (158 N. Y. 431): " It is not sufficient that the performance of the contract may benefit a third person. It must have been entered into for his benefit and *the promisee must have a legal interest that it be performed in favor of the third person.*"

It thus appears that plaintiff's case lacks one of the elements essential to recovery. There is no debt, duty or obligation owing by the Commission to the plaintiff to constitute a consideration to support a cause of action in favor of plaintiff against the defendant.

If the undertaking were given in pursuance of the statute, then the statute itself would supply the consideration. (*Post* v. *Doremus*, 60 N. Y. 371; *Thompson* v. *Blanchard*, 3 id. 335; *People* v. *Metropolitan Surety Co.*, 211 id. 107.) In the absence of such statutory requirement, and in the absence of any other obligation or duty owing by the Commission to the plaintiff, he occupies the position of a stranger, and may not take advantage of the contract even if its validity be assumed.

In *Seaver* v. *Ransom* (224 N. Y. 233) the court enumerated the four classes of cases in which a third person, not a party to the contract, is permitted to enforce it. One of the classes is stated to exist where, at the request of a party to the contract, a promise runs directly to the beneficiary although he does not furnish the consideration. In most of the cases in this class the promisor was in effect a trustee, and the third party was intended as the beneficiary of the trust. (See *Johnson Service Co.* v. *Monin, Inc.*, 253 N. Y. 417.) Such is not the situation here.

The learned justice at Special Term correctly determined that the amended complaint fails to state facts sufficient to constitute a cause of action. The order dismissing the complaint should be affirmed, with costs.

HEFFERNAN, J., concurs; McNAMEE, J., concurs in result; HILL, P. J., dissents with opinion, in which BLISS, J., concurs.

HILL, P. J. (dissenting). Plaintiff's amended complaint has been dismissed for not stating a cause of action. It alleged that the Collar City Athletic Club, Inc., holder of a license to conduct sparring and wrestling matches issued by the Athletic Commission of the State of New York, became indebted to the plaintiff for printing admission tickets, advertising circulars and cards used by the club in connection with the exhibitions, the credit being extended because a bond had been filed as required by the rules of the Commission, conditioned, " If said principal [the athletic club] will, upon the demand of the said State Athletic Commission, pay and discharge any and all indebtedness or liability by said principal due or owing to any person, firm or corporation by reason of any matter or thing arising out of any sparring or wrestling match or exhibition conducted by the said principal during the period of its license aforesaid, then this obligation to be void, otherwise to remain in full force and effect." It is pleaded further that the Commission had determined that the sum claimed by the plaintiff

was owing and demanded payment from the club as provided in the obligation of the bond. The demand having been refused, this action was brought against the surety.

The ground of the dismissal in the Special Term was that section 18 of the act (Laws of 1920, chap. 912, as amd. by Laws of 1921, chap. 714) provides for the giving of a bond by the licensee, but does not require that it contain a condition for the benefit of creditors like that pleaded. This is true, but the act provides that the members of the Commission shall at their first meeting " make such rules for the administration of their office, not inconsistent herewith, as they may deem expedient; and they may thereafter amend or abrogate such rules " (§ 1), and further, " The commission shall have and hereby is vested with the sole direction, management, control and jurisdiction over all such boxing, sparring and wrestling matches or exhibitions, professional as well as amateur, to be conducted, held or given within the state of New York " (§ 3, as amd. by Laws of 1933, chap. 625). Reasonable and proper rules made by the Commission not inconsistent with the statute have all the force and effect of a legislative enactment. (*People* v. *Klinck Packing Co.,* 214 N. Y. 121.) " From the beginning of the government various acts have been passed conferring upon executive officers power to make rules and regulations — not for the government of their departments, but for administering the laws which did govern. None of these statutes could confer legislative power. But when Congress had legislated and indicated its will, it could give to those who were to act under such general provisions ' power to fill up the details ' by the establishment of administrative rules and regulations." (*United States* v. *Grimaud,* 220 U. S. 506.) In an earlier day, due to the conduct of participants and promoters, prize fights, even when christened boxing contests, received little approval. The Legislature, seeking to eradicate the aversion of the people, determined that these contests should be held under governmental control, and empowered the Governor to appoint a Commission for this purpose, and, in part, enacted the rules which should control, but as to details of management, it give absolute rule-making power to the Commission, requiring only that the rules promulgated should not be inconsistent with the act. It was to be expected that the Commission would desire its licensees to pay debts incurred in connection with exhibitions conducted with the State's approval and under its supervision. To accomplish this it had the power to require a bond other than the one described in section 18 of the act. This it did. The reason and necessity for this additional bond is shown by this complaint.

The club, desiring to obtain a license, bargained with the defendant, a surety company, to furnish the bond required by the rules for the benefit of those who might extend credit. Defendant, for a valuable consideration, covenanted to pay the creditors of the club upon its failure to do so when demanded by the Commission. The State or a municipality may contract with a surety for the benefit of private creditors (*Johnson Service Co.* v. *Monin, Inc.*, 253 N. Y. 417), particularly when payments to private creditors will not lessen the security of the State. (*Fosmire* v. *National Surety Co.*, 229 N. Y. 44.) Plaintiff is one of the class, though not one of the parties to the agreement, for whose benefit it was made, and may bring an action thereon. (*Lawrence* v. *Fox*, 20 N. Y. 268; *Pond* v. *New Rochelle Water Co.*, 183 id. 330.) The complaint states a cause of action.

The order should be reversed on the law and the motion to dismiss the complaint denied.

BLISS, J., concurs.

Order affirmed, with ten dollars costs and disbursements.