844

PRESTON HATCHER, as Administrator, etc., of CHARLES HATCHER, Deceased, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— In the negligence action to recover damages for the death of a boy two years and ten months old, who was struck by defendant's trolley car, judgment in favor of plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

FRED L. HEWES, Respondent, v. ROBERT G. MACKAY, INC., and Another, Defendants, and CONTINENTAL CASUALTY COMPANY, Appellant.— From a judgment recovered by plaintiff in an action to foreclose mechanics' liens arising out of a contract for additions and alterations to public school buildings at Hastings, N. Y., the defendant Continental Casualty Company appeals. Judgment unanimously affirmed, with costs. There is abundant proof in the record to support the decision and findings. *Johnson Service Co.* v. *Monin, Inc.* (253 N. Y. 417) is authority for the law applicable. Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.

In the Matter of the Application of SAMUEL M. COOMBS, JR., as Receiver of WALKER CEMENT PRODUCTS CO., INC., Appellant, for a Peremptory Order of Mandamus Directed to LOUIS F. EDWARDS and Others, Constituting the Council of the City of Long Beach, Respondents.— Appeal by petitioner from an order denying his motion for a peremptory order of mandamus directing the members of the city council of Long Beach to include in the 1939 budget a sum sufficient to pay a judgment obtained by him for building materials furnished to the city in 1932. Order reversed on the law and the facts, with twenty dollars costs and disbursements, and the motion granted in the exercise of discretion, with ten dollars costs. Petitioner was the only one who had reduced his claim to judgment in time for inclusion in the 1939 budget. In view of the improved financial condition of the city it was an improvident exercise of discretion to deny the petition to require the city to include petitioner's judgment in the 1939 budget. Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.

In the Matter of the Application of WILLIAM E. GORDON, Respondent, for an Order against GEORGE A. MOWBRAY, Superintendent of Sanitation in Charge of the Garbage, Incinerator and Sewerage Disposal Departments of the Village of Port Chester, New York, WILLIAM BURDELL BANISTER and Others, Members of the Board of Trustees of the Village of Port Chester, New York, THOMAS L. TELESCA, Village Clerk of the Village of Port Chester, New York, and HARRY WUNSCH, Treasurer of the Village of Port Chester, New York, Appellants.— Order granting the motion of petitioner William E. Gordon for an order directing the respondents-appellants, members of the board of trustees of the village of Port Chester, New York, and others, to reinstate him to the position which he formerly held in the village, and to pay petitioner the salary for such position from the date of his discharge to the date of his reinstatement, at the rate fixed and determined by the court after a hearing, unless otherwise agreed upon between the parties, unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Carswell, Davis, Johnston and Close, JJ.