Kronenberg, J.
In this action to foreclose a mechanic’s lien, defendants move to dismiss the complaint on the ground that the notice of lien is fatally defective.
*7 The lienors, Joseph C. Agnello and Michale S. Agnello, do business under the assumed name and style of Niagara Building Co. The notice of lien contains, through inadvertence, the words “ a domestic corporation ” following the assumed name at the head of the notice. The verification of the notice recites the names of the partners and that they are doing business as Niagara Building Co.
While the statute (Lien Law, § 9) requires that the name of the true lienor be stated (Libresco v. Irvine, 140 N. Y. S. 2d 252), such name is set forth in this notice and the addition of the words “ a domestic corporation ” is mere surplusage which does not, and is not claimed to prejudice anyone.
Johnson Service Co. v. Monin, Inc. (227 App. Div. 123, mod. on other grounds 253 N. Y. 417) is not controlling. In that case a lien notice was filed by ‘ ‘ Buckeye Blower Company. ’ ’ In fact there was no corporation of that name or partnership or individual doing business thereunder. Furthermore, the case was decided before section 12-a of the Lien Law was enacted and when the statute did not provide for amendment of defects.
The motion to dismiss the complaint is denied.