John H. Fabnham, J.
There are here involved two motions. The first, made by defendant, Hartford Accident and Indemnity Co., surety on general contractors’ bond in this action, is for an order under rule 90 of the Rules of Civil Practice to require defendant school district to state separately and number the causes of action in its answer. The second motion is one brought on by the defendant school district for an order permitting it to serve a reply to a cross action by defendant Hartford contained in its answer to plaintiff’s complaint.
This is an extremely involved action from the standpoint of numbers of parties and multitude of pleadings. The court will refer only to those facts which it believes are essential to its decisions on these motions. The names of the parties will be abbreviated for convenience.
The action is brought for the foreclosure of mechanics’ liens against a public improvement and has been pending since December of 1957. The school district is a party defendant because it is the body for whom the public improvement was made. Defendant Brown is the general contractor. Defendant O’Con-nor is a subcontractor of Brown. Defendant Hartford is the surety on the bond required of Brown by the school district by the terms of its original contract for the erection of the school public improvement in question. Plaintiff and other defendants claim liens against the public improvement under the Lien Law for furnishing labor and for materials used in the construction of the public improvement.
The surety Hartford in its answer has set up detail as contained in the bond which limits its liability to laborers or materialmen furnishing materials and supplies directly to the contractor. This would exclude some or all of the lienors in the action. The school district in its answer sets up 28 separate allegations including some of the provisions of the contract *1024 between itself and Brown which was incorporated into the performance bond by reference. Some of these provisions of the contract, quoted in the answers referred to above, contain language requiring a bond which would cover labor and material-men. The provisions of the bond itself limiting its liability as set forth above are also quoted in the moving papers. It is alleged this was a mistake and reformation of the bond is needed — paragraph 19 of the answer of the Board of Education. It is alleged in paragraph 21 of said answer that if the bond cannot be reformed, then Brown be found to have violated his contract to the damage of the school district and the other lienors.
There are many other allegations in separately numbered paragraphs which in essence set forth that the bond was intended to protect not only the school district but all the lienors and that it was the intent of the parties that the bond was to run from the execution of the contract until all work was completed and the contract settled and cancelled.
In its clause in its answer embodying its prayer for relief, the said defendant in substance demands judgment that all matters in dispute between all the .parties be determined, and asks the following specific relief by way of determination:
1. Was the contract performed by Brown and surety Hartford or by either of them?
2. Does the school district owe Brown any balance and, if so, the amount of such balance ?
3. Does Brown owe O’Connor any balance?
4. Does O’Connor, does the plaintiff, or do any of the defendant lienors have a valid lien upon the funds held by school district ?
5. That the validity and priority of all liens should be determined in this action and the respective amounts fixed.
6. That the rights and liabilities of all the parties to the action be decreed and adjudged.
7. That Brown be adjudged as obligated to pay all valid liens if it be determined that Hartford is adjudged as not obligated to pay the same under its bond as constituted and should said bond not be reformed.
8. If surety is not liable, then Brown is personally liable.
9. In short, all issues be determined between all the parties.
It appears to the court that the case of the defendant Board
of Education by its answer falls within the terms of Johnson Serv. Co. v. E. H. Monin, Inc. (253 N. Y. 417) cited with approval in United States Fid. & Guar. Co. v. Triborough Bridge Auth. (297 N. Y. 31, 37).
*1025 In the absence of a primary intent to benefit laborers and materialmen, the courts have refused to permit direct action by lienors. In the above-cited cases, the public corporation (school district), on behalf of the labor and material suppliers, as trustee for their benefit where it is a party to the action, should request that the rights of the lienors be adjudged. It does not appear that the school district’s claims which it might assert under the bond are large and, therefore, the interests of the lienors would not be jeopardized.
The court believes that the type of answer set up by the school district is proper, and, therefore, it does not seem necessary to state separately and number the causes, as what is intended in the answer seems manifestly clear in the opinion of the court and not so confusing as to be incapable of rather simple interpretation.
Now, with reference to the second motion made by the school district to compel Hartford to accept its reply to Hartford’s cross claim, the court has considered the equities of this motion at length.
Under the authority of section 98 of the Civil Practice Act, the school district may be given leave to serve its reply after the statutory period upon such terms as justice may require. The reasons for delay by the school district in seeking leave to serve its reply after the expiration of the statutory period are valid, in the opinion of the court, and worthy of favorable consideration. In view of the extreme involvement of parties, relationships, legal and technical rights and liabilities, amounts, and pleadings in this ease, it was necessary and proper for the school district to assure its own protection and that of its taxpayers before answering or replying to plaintiff’s complaint in the manner in which it did. Further, to maintain a consistently legal position it now appears necessary that it reply to defendant’s cross claim. It does not seem to the court that the defendant Hartford, surety, would be prejudiced in the ultimate outcome of this action whatever it might be by being compelled to accept the reply. The reply simply and properly lays the issues before the court and same may be resolved upon the trial of the action.
The motion to state separately and number is denied. Motion to compel acceptance of reply is granted.